## CARLOS A. COOK

### *v.*

## ELIZABETH J. NORWOOD.

*Filed at Ottawa May 10, 1883.*

1. CONTINUANCE—*of diligence to procure witness on trial.* A suit had been pending since July 19, 1881, and it had been once tried on February 6, 1882, and had been on the trial calendar since April 3, 1882. An affidavit for a continuance on the ground of the absence of a witness from the State on business, sworn to on June 26, 1882, showed that the affiant (the defendant) was informed on the afternoon of June 22, 1882, by his counsel, that the cause would be on the trial call for June 23, 1882, whereupon affiant went to the place of business of the witness and found him absent from the city, in another State, and learned that he had been absent some two weeks before: *Held,* that the affidavit was insufficient, in not showing the use of due diligence to obtain the testimony of the witness. Had a subpœna been served, the witness might not have absented himself, or his deposition might have been taken.

2. PRACTICE—*striking demurrer from the files.* Where replication was filed to special pleas, being a general traverse of the allegations therein, and a trial was had at a former term, and a special demurrer was filed to the replication after the cause was on the trial calendar, without leave of court, it was *held,* that the demurrer was properly stricken from the files, on the plaintiff's motion. In such case the defendant had no right to file the demurrer without leave.

3. SAME—*instructing jury to find for the plaintiff.* In a suit upon a note by an assignee taking before maturity, for value, without notice of the defence interposed, it is not erroneous to instruct the jury to find for the plaintiff the amount appearing to be due on the note.

4. ASSIGNMENT—*when presumed before maturity.* In the absence of proof as to the time of the assignment of a note, it will be presumed that it was made before maturity.

5. SAME—*when it cuts off defence.* Where a promissory note is given as accommodation paper, which the payees assign as collateral security to a creditor with notice of the facts, and such assignee again assigns the same before its maturity to another who has no notice, for a full consideration paid, evidence showing a defence as against the payees and the first assignee is properly excluded in a suit brought on the note by the last assignee.

Appeal from the Appellate Court for the First District; —heard in that court on appeal from the Superior Court of Cook county; the Hon. Sidney Smith, Judge, presiding.

This was an action brought in the Superior Court of Cook county by Elizabeth J. Norwood, against Carlos A. Cook, upon a promissory note executed by said Cook, as follows:

"$2500.                     Chicago, *March 31, 1881.*

"Ninety days after date I promise to pay to the order of Lawrence & Martin twenty-five hundred dollars, at 106 Dearborn street, Chicago. Value received.

                         C. A. Cook & Co."

The declaration alleged an assignment before maturity, for value, by the payees, Lawrence & Martin, to the United States Distilling Company, and by that company to the plaintiff.

The defendant filed two special pleas,—by the first alleging the note was executed by him without any consideration, but purely for the accommodation of the payees, Lawrence & Martin, of which fact the United States Distilling Company, at the time of the assignment of the note by Lawrence & Martin to the company, had notice; that Lawrence & Martin became insolvent, and that on June 1, 1881, a general compromise was made between them and their creditors, by which their creditors agreed to accept twenty cents on the dollar, payable June 15, and subsequently extended the time of payment to July 15; that at the time of such agreement the United States Distilling Company owned the note; that the note, if transferred at all to the plaintiff, was transferred after maturity, and plaintiff was chargeable with notice that defendant had been discharged from liability by reason of the composition agreement, and the extension of the time of the payment of such composition beyond the maturity of the note. By the second special plea defendant alleged the same

facts as in the first plea, concerning the want of consideration
for the note, and the knowledge of such facts on the part of
the United States Distilling Company when it received the
note.   The plea also alleged that at the execution of the
note Lawrence & Martin were indebted to the United States
Distilling Company in a large amount, and transferred the
note to the distilling company as collateral security for its
payment; that prior to the commencement of the action all
the moneys so due from Lawrence & Martin had been paid,
except the sum of $358.83; and that if the note was trans-
ferred to plaintiff, it was done after its maturity, and after
the payment of such indebtedness by Lawrence & Martin to
the distilling company, and with notice, so that, except as
to the $358.83, there could be no recovery.   To these two
special pleas a replication was filed, being a general traverse
of their several allegations.   A special demurrer to this
replication was stricken from the files, against the objection
and exception of defendant.

Prior to the trial defendant moved for a continuance of the
cause, on his affidavit of the absence of Henry C. Lawrence,
one of the firm of Lawrence & Martin, by whom he expected
to prove the facts set up in the pleas, except the assignment
of the note to plaintiff after maturity, and plaintiff's knowl-
edge of any defence to the note.   The averment in the affi-
davit as to diligence was as follows:   "Deponent further
states, that on the afternoon of Thursday, June 22, 1882, he
was informed by his counsel that this case would be on the
trial call for Friday, June 23, 1882, and that deponent must
procure the attendance of his witnesses for that day; where-
upon deponent went to the place of business of said Lawrence,
at the city of Chicago, and was then informed that said Law-
rence had not been in Chicago for two weeks last past, and
during that time had been absent from the city on business,
and was then at Cleveland, Ohio, and would not return until
next week.   On June 26 deponent ascertained that he would

not be back for several days." The affidavit was sworn to June 26, 1882. The court overruled the motion for continuance, to which exception was taken, and thereupon the trial of the cause proceeded, resulting in a verdict for the plaintiff for the face of the note and interest, upon which, after overruling a motion for a new trial, judgment was entered, which was affirmed on appeal to the Appellate Court for the First District, and an appeal taken by defendant to this court.

Mr. Frederic Ullman, for the appellant:

Whether the assignment of the note to the plaintiff was not colorable, and made for the purpose of cutting off defence, was a question for the jury, and they were entitled to draw all proper inferences from the conduct of the parties negotiating the alleged sale. *Peoria Ins. Co.* v. *Anapow,* 45 Ill. 86.

Mr. William C. Wilson, and Mr. David L. Zook, for the appellee:

Want of consideration between original parties can not be interposed against an assignee of a promissory note. 1 Parsons on Notes and Bills, 175; *Diversey* v. *Moore,* 22 Ill. 331; *Nowak* v. *Excelsior Stone Co.* 78 id. 307.

There is no denial but that the United States Distilling Company was an assignee, and if such defence can not be interposed against the company, how can it against appellee? And the same is true as to the allegation of accommodation paper, even though the assignee knew, when he took the note, that it was made for the accommodation of the payee. 1 Parsons on Notes and Bills, 183, 184; *Brown* v. *Mott,* 7 Johns. 361; *Grant* v. *Elliott,* 7 Wend. 227; *Diversey* v. *Moore,* 22 Ill. 331.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The several rulings of the Superior Court are assigned for error.

The court did not err in refusing a continuance. The affidavit for a continuance was insufficient, in not showing the use of due diligence to obtain the testimony of the witness. The case had been pending since July 19, 1881, there had been one trial on February 6, 1882, and the cause had been on the trial calendar since April 3, 1882. Had a subpœna been served in time, the witness, perhaps, would not have absented himself, or his deposition might have been taken. See *Eames* v. *Hennessy,* 22 Ill. 629.

There was no error in striking from the files defendant's demurrer to plaintiff's replication to the special pleas. It appeared that at a former term of the court there had been a trial of the cause before a jury, and that the demurrer had been filed without leave of court, since, on the 26th day of June, 1882, the cause having been on the trial calendar since April 3, 1882, and having been on the call for trial June 23, and by agreement of parties continued to the 26th. In such a posture of the cause defendant had no right to file the demurrer without leave of the court, and it was properly stricken from the files.

There were various rulings of the court, to which exception was taken, excluding offers of evidence in proof of several of the averments of the special pleas, and the court finally instructed the jury to find and render a verdict for $2645, the amount appearing to be due on the note. We perceive no error in all this. The execution of the note, or the assignment of it to the plaintiff, was not denied under oath, and so stood admitted. The note was submitted to the jury. The presumption would be that the note was assigned before maturity, and in addition to such presumption there was proof positive of the purchase by the plaintiff of the note

from the distilling company, more than a month before its maturity, for full value paid. There was nothing in contradiction of this evidence, and we find no evidence in the record to affect the plaintiff with notice of any defence of defendant to the note. The defence set up, if valid, as against Lawrence & Martin, or the distilling company, was not admissible as against the plaintiff, from the lack of evidence of her purchase of the note after maturity, or with notice of such matter of defence, and we perceive no error, therefore, in the exclusion of evidence of transactions and matters between defendant and Lawrence & Martin and the United States Distilling Company exclusively, or in instructing to find for plaintiff, and the judgment must be affirmed.

*Judgment affirmed.*