## V. W. Johnston, Defendant in Error, v. A. M. Loar, Plaintiff in Error.

1. PLEADING—*effect of verified plea of non est factum.* The interposition of a verified plea of *non est factum* imposes upon the plaintiff the burden of proving the execution of the notes and the endorsement, assignments and respective deliveries of the notes, as averred in the declaration.

2. NEGOTIABLE INSTRUMENTS—*presumption as to time of assignment.* In the absence of proof as to the time of assignment of a note, it would be presumed that it was made before maturity.

3. NEGOTIABLE INSTRUMENTS—*when fraud in inducing execution competent as against assignee.* If an assignee, at the time of the assignment to it of the notes in suit, was manifestly not a *bona fide* purchaser and holder thereof, fraud which induced the execution of such notes may be shown by way of defense to an action brought by such an assignee.

Assumpsit. Error to the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at

the May term, 1908.   Reversed and remanded.   Opinion filed November 17, 1908.

W. K. WHITFIELD and JAMES L. LOAR, for plaintiff in error.

E. J. MILLER, for defendant in error.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit by defendant in error against plaintiff in error for the recovery of the amount alleged to be due upon two judgment notes for the sum of $500 each, signed by plaintiff in error, due in six and nine months respectively, and payable to the order of William R. White.  Upon the back of each note appears the following endorsement: "Pay to the order of V. W. Johnson without recourse.  William R. White."  The declaration alleges that on August 18, 1903, the day the notes bear date, they were assigned and delivered by White, the payee, to the German-American Bank of Bloomington, Ill., and that said bank afterward sold and delivered the same to the plaintiff.  The defendant interposed a verified plea denying the transfer and delivery of the notes by White to the bank, or by the bank to the plaintiff, or that they were purchased by the bank in good faith for a valuable consideration before maturity, or at any other time; also special pleas alleging in substance that the notes were purchased by the bank and the plaintiff long after their maturity and were procured to be executed and delivered by the defendant to White pursuant to and in furtherance of an unlawful scheme similar to that described and detailed in White v. Moran, 134 Ill. App. 480; and that there was no other consideration for the notes, of which fact the bank and plaintiff had notice at the time they acquired the same.

Issues were joined upon said pleas.  Upon the trial, at the close of all the evidence, the court directed a verdict for the plaintiff.  Judgment was rendered thereon for $1250.82 being the amount due upon the notes.  To

reverse such judgment this writ of error is prosecuted by the defendant.

The interposition of the verified plea of *non est factum* imposed upon the plaintiff the burden of proving the execution of the notes and the endorsement, assignments and respective deliveries of the notes, as averred in the declaration. Walsh v. Marvel, 130 Ill. App. 305. The evidence offered by the plaintiff upon these issues, while meager and somewhat unsatisfactory was sufficient, we think, in the absence of contradictory evidence, to warrant the admission of the notes in evidence.

In the absence of proof as to the time of the assignment of a note it will be presumed that it was made before maturity. Cook v. Norwood, 106 Ill. 558. No evidence was offered by the defendant upon this issue, while the plaintiff offered evidence tending to show that the assignment of the notes was made before maturity.

The defendant on the trial sought to introduce evidence which tended to show the fraudulent and void character of the notes, and that the bank through its cashier had notice of the fraudulent and void character of the notes at the time it purchased them, but the court held such evidence incompetent. This was error. We have heretofore held, in White v. Moran, *supra*, that a promissory note executed and delivered under the circumstances and for the purposes alleged in the pleas, is without legal consideration and void as between the original parties. If the bank at the time the notes in suit were transferred to it had notice of such facts, it was manifestly not a *bona fide* holder of the same, and took them subject to all defenses, notwithstanding it may have acquired them for a valuable consideration before maturity and in the regular course of business.

Other questions are presented and argued which it is at this time unnecessary to consider or determine. The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*