Ruffin, C. J.
 

 As the bill was payable to the order of McMillan, the plaintiff could make a title to it, only through his order. Indeed, the plaintiff declared as the endorsee of McMillan. The omission to prove the endorsement was, therefore, fatal to the count on the instrument.
 

 The proof seems to be equally defective on the sec• end count. The drawer of a bill in favor of another person has an action on it against the acceptor, upon its being returned for non payment; and, in such a case, the hill may be evidence upon the common counts. But, when the drawer brings such an action on the bill, the declaration states not only the drawing of the bill, and its acceptance, and the non payment by the defendant, but also that the plaintiff thereby became liable, as drawer, and paid it.
 
 Symmond
 
 v.
 
 Parminter,
 
 1 Wil. 185.—.
 
 Bayley on Bills
 
 392, and the cases collected in 1
 
 Saund. Plead, Ed.
 
 278, note, 287. It is therefore indispensable
 
 *420
 
 on such a count to prove the payment of the bill, or, at the least, to prove the payee’s name in blank on the bill, as an authority to fill up a receipt to the plaintiff for its amount; for the mere possession of the bill, payable, and therefore belonging, to a third person, is not evidence that the drawer has got it up by paying it, so as to entitle him to sue on it. If a bill be payable to the drawer’s own or* der and he transfers it by endorsement, and, afterwards, becomes the holder again, he may then have an action on it, against the acceptor, because by the possession he stands,
 
 prima
 
 facie, on his original rights — like the payee of a promissory note, who loses it, and gets it back again, for, by striking out the endorsements, the holder in each case has the apparent legal title. ■ Rut it is otherwise between the drawer, and acceptor of a bill payable to another, for the drawer has no original right to the instrument nor against the acceptor, but only the right arising out of his secondary liability in the event of non-pay’ment by the acceptor on due presentment. Hence, the neces* sity, as before mentioned, that the drawer should show such failure by the acceptor, and that he, the drawer, paid the money, in order to entitle him to sue on the bill.— Then, if the plaintiff had declared on the bill, upon his own right as the drawer,instead of endorsee of the payee, be could not have recovered for want of requisite proof. The same reasons apply equally to the count on the in-
 
 simul computassent,
 
 and, indeed, to all the money counts ; for the possession of the instrument — belonging upon its face to another person — is no evidence that the drawer, more than any other stranger happening to get hold of the bill, was liable on it and had been duly compelled to pay it, so as thereby to found a presumption, that he had lent the acceptor money, or paid it for his use, or that they had accounted together and the acceptor been found to be the drawer’s debtor to the amount of the bill. There is in that case no direct liability of the acceptor to the draw
 
 *421
 
 er; and, consequently, no such privity as can authorize the implication of the promises supposed in the common count.
 

 The judgment must be reversed, and judgment of non* suit be entered, according to the agreement in the record.
 

 Per Curiam. Judgment accordingly.