GUSTAVE MAHE, Respondent, *v.* JOHN REYNOLDS and HORACE WHITMORE, Appellants.

Practice—Change of Place of Trial.—The right to move for a change of place of trial is not waived, if the notice of the motion is given at the same time at which the answer and demurrer are filed and served.

Idem—Proof of the Endorsement of a Promissory Note.—In an action by the endorsee of a promissory note against the maker, when the pleadings are not verified, and the answer consists of a general denial, the due endorsement of the note is thereby put in issue, and the issue is a material one.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

At the time of filing and serving a demurrer and their answer, the defendants also served a notice of motion for a change of the place of trial. This motion was denied by the Court below, on the ground that the right to proceed therefor had been waived. This refusal constituted one of the grounds of appeal.

The second ground of appeal contained in the statement, is : "That the Court erred in striking out the defendant's answer, because the complaint, not being verified, the answer was sufficient to put all the material allegations in issue, and none of them was admitted, except the genuineness and execution of the note-mortgage, and neither the endorsement nor any other averment was admitted by failing to verify the same."

The further statement of the case is contained in the opinion.

*Charles Halsey,* for Appellants, cited *Jones* v. *Frost* (28 Cal. 246.)

*E. A. Lawrence,* for Respondent.

SAWYER, C. J., delivered the opinion of the Court :

The defects in the record have been cured. By the matter certified by the District Court, the statement appears to have been regularly filed.

The action is upon a promissory note, executed by defendant, Reynolds, in favor of Mahe and E. A. Lawrence, and alleged in the complaint to have been endorsed by Lawrence. A copy of the note and endorsement is annexed to the complaint. The complaint is not verified, nor is the answer, but the answer contains a general denial of all the allegations of the complaint.

"When an action is brought upon a written instrument, and the complaint contains a copy of such instrument, or a

copy is annexed thereto, the genuineness and due execution of such instrument shall be deemed admitted, unless the answer denying the same be verified." (Prac. Act, Sec. 53.)

The action is not against *Lawrence upon* his *endorsement,* but *upon* the *note* against the *maker.* The endorsement is alleged to show a deraignment of title to the instrument sued on, and not as a basis upon which the action rests. The endorsement for the purpose here alleged is not a written instrument *upon* which an action is brought. The endorsement was a matter between Lawrence and Mahe, to which the defendant is in no way privy, and he is not presumed to know whether the endorsement is genuine or not. There seems to be no good reason for requiring him to deny, under oath, a matter of which he is not presumed to have any knowledge. Had the action been against Lawrence, on his endorsement, as to him, it doubtless would have been upon a written instrument within the meaning of the Act.

We think issue was properly taken on the endorsement, and the issue was material.

It is said that Mahe could have sued alone, without any endorsement, and recovered, for the objection only goes to a want of parties, and no demurrer being interposed, the objection was waived. But the complaint is not open to a demurrer on that ground, for the endorsement is alleged, and upon the face of the complaint there is no want of parties. The defendant was entitled to take the right of recovery as alleged. The complaint deraigned a right to recover through the endorsement, and the defendant took issue on it. Proof was necessary on the issue. The motion to change the place of trial was in time, and was not waived by serving an answer at the same time.

Judgment and order denying new trial reversed, and new trial granted.