## Richard D. Colbath v. Joseph Jones.

*Evidence: Draft: Acceptance: Signature.* In an action upon an accepted draft in a justice's court, it is error to admit in evidence the draft declared upon, against objection, without proof of the signature, where the paper has not been filed with the justice as required by the statute (*Comp. L.* § *5310*).

*Return construed: Allegation: Proofs.* The only reference in the record to the filing of the draft with the justice being incorporated in what is given in the return of the justice as the declaration in the cause, the statement of the fact there is construed as being an allegation merely in the declaration, which is of no force as proof of the fact; and in the absence of any verification of this alle- gation by the return, or of any evidence upon the subject, the record fails to show that the draft was in fact filed with the justice.

*Evidence: Consideration.* In such an action it is competent for the defendant to show that at the time the draft was drawn he was not indebted to the drawer, as it tends to show want of consideration, and that the acceptance was a mere accommodation acceptance.

*Heard October 29. Decided November 4.*

Error to Lenawee Circuit.

*William W. Osborn* and *C. A. Stacy*, for plaintiff in error.

*George L. Bachman*, for defendant in error.

CHRISTIANCY, CH. J.

The declaration before the justice, as appears by his return to the circuit court on appeal, was as follows: "Plaintiff declared on common counts in assumpsit and one accepted draft in the words and figures following, to wit:

"$174 67-100.        CINCINNATI, July 15th, 1869.

"Thirty days after date pay to the order of myself one hundred and seventy-four sixty-seven. one hundredths dol- lars, value received, and charge the same to account of
                                        JOSEPH JONES.

"To R. D. Colbath, Toledo, Ohio.

"Written across the face, 'Accepted, R. D. Colbath,' on file in this court, and duly stamped, to plaintiff's damage, three hundred dollars."

This is all there is in the justice's return in reference to the draft being or having been filed with the justice. And this, as we understand it,—and such certainly is the natural meaning of the language in the connection above shown,—is stated merely as an allegation of the declaration, to the truth or falsehood of which the justice makes no return.

On the trial in the circuit upon the appeal, the plaintiff offered in evidence, without proof of the defendant's signature, the accepted draft, of which the above purports to be a copy. The defendant objected to its introduction without proof of his signature, because it did not appear that the draft was filed with the justice. This objection was overruled, and defendant excepted.

We think the objection was well taken, and that the court erred in overruling it. Section 62 of the act in reference to justice's courts (*Comp. L.* § *5310*) enacts that "the execution of a written instrument, filed with the justice" (meaning before or at the time when defendant is required to plead), "shall not be denied, except under oath." The statute does not dispense with the proof of execution unless the instrument has been thus filed, and here was no proof either by the justice's return (which would have been conclusive), or otherwise, that it had been thus filed.

We think also, that even if the draft had been shown to have been filed with the justice, the court erroneously excluded the question put to defendant, whether at the time the draft was drawn, he was indebted to Jones in any sum whatever. The court overruled this question on the ground that defendant could not be allowed to go into matter of that kind under the general issue.

Though the signature had been admitted, it was still clearly competent for the defendant, under the general issue to show, that there was no consideration for the acceptance, or that it was a mere accommodation acceptance, or that it had been paid, and though the fact that he was not indebted to the plaintiff when the draft was drawn would

28 MICH.—36.

be no defense, if he was so indebted at the time of the acceptance (which may or may not have been at the same time), yet the defendant had the right to go over the whole ground from the date of the draft, and to show what were the relations of the parties from that time forward, and to show that it was accepted for the plaintiff's accommodation or without consideration, or that it had been paid. The question was not excluded because it related to the time of the drawing of the draft, but because, in the opinion of the court, it related to a defense which could not be made under the general issue.    We allude to this only for the bearing it may have upon a new trial.

The judgment must be reversed, with costs, and a new trial awarded.

The other Justices concurred.