### CHARLES McMILLEN v. ARETAS BEACH.

*Practice—Denial of execution of note.*

Circuit Court Rule 79 provides that in an action on a written instrument its execution need not be proved if not denied on oath. *Held* not to apply where no opportunity has been given to deny

execution; as, where an action on a note had been begun before a justice by declaring on the common counts only, and on being appealed to the circuit a new declaration was filed with a copy of the note attached, but without giving the defendant an opportunity to plead anew.

Error to St. Clair. Submitted Jan. 31. Decided Feb. 1.

ASSUMPSIT. Defendant brings error.

*Atkinson & Stevenson* for plaintiff in error, cited *Colbath v. Jones*, 28 Mich., 280.

*Frank Whipple* for defendant in error. Pleading the general issue to the amended declaration, admitted the genuineness of the note. *Pegg v. Bidleman*, 5 Mich, 26; *Hoard v. Little*, 7 Mich., 468.

COOLEY, J. Beach sued McMillen in justice's court on a promissory note and obtained judgment. McMillen appealed to the circuit court, and there filed a new declaration—whether by permission of the court, or by consent of defendant, or without either, does not appear. Neither does the occasion for filing it appear, as it was a declaration on the common money counts, and so also was the declaration before the justice. The only important difference between the two declarations consisted in this, that the one filed in the circuit court had appended to it a copy of the note sued upon. It does not appear that this amended declaration was ever served on the defendant or his attorney, or brought to the attention of either until the case was on trial. The plaintiff then offered the note in evidence without making any proof of its execution. The defendant objected, but the court held it admissible and the plaintiff had judgment.

Circuit court rule 79 provides that upon the plea of the general issue in an action upon any written instrument, the plaintiff shall not be put to proof of the execution thereof unless the defendant or some one on his behalf shall file and serve a copy of an affidavit denying

the same, with the plea. This is a substantial statement of the rule so far as it is applicable here. In this case the plea of the general issue was interposed before the justice, and there was no new plea by the defendant in the circuit court, nor do we know that he had the opportunity to plead anew. Indeed the record affirmatively shows that the circuit court was not apprised that the new declaration was brought to the attention of the defendant so that he could comply with the rule if he desired to do so. It is manifest, therefore, that the rule cannot apply to this case. The rule is one in furtherance of justice, and to save the necessity of proof where the defendant declines to dispute the execution of the contract on oath, when full opportunity is allowed him for the purpose. To apply it in a case like the present would be subversive of justice instead of being in furtherance of it.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.