JOSEPH BAUER v. THOMAS J. WASSON, CHARLES F. PELTIER AND CHARLES P. COLLINS.

*Appeal—Justice's return—Absence of declaration—On proof of loss, copy may be filed in the circuit court to complete record—Suit on bond—Proof of execution—Necessary on appeal when bond not filed with justice —Rule 79 not applicable where no new issue is framed.*

1. On appeal from justice's court, the justice failed to include in his return the declaration filed with him, having lost the same:
   *Held,* on the trial in the circuit court, proof having been made of such loss, that it was proper to permit plaintiff to file a copy of the declaration and thus complete the record in the case.

2. Suit was brought in justice's court, on a bond given on appeal from a circuit court commissioner's judgment, but the bond was not filed with the justice. An appeal was taken, and on the trial in the circuit court plaintiff offered in evidence the files in the case before the commissioner, including that officer's return, to which the bond

·sued upon was attached, to show the proceedings had before the ·commissioner; which were received. He then offered the bond in evidence, to the reception of which defendants objected, for the reason that its execution had not been proven, but the court admitted it, holding that the bond had already been received in evidence as a part of the commissioner's return:

*Held*, that this ruling was erroneous. That the record shows that it was not so regarded, at the time, but that the return was offered for a specified purpose, and not for the one claimed.

*Held*, further, that the pleadings being the same as those filed in justice's court, and the bond not having been filed with the justice, plaintiff could not recover without proof of the execution of the bond by the defendants.

*Held*, further, that no new issue having been framed in the circuit court, rule 79 did not apply.

Error to Wayne. (Jennison, J.) Argued February 10, 1886. Decided February 17, 1886.

Assumpsit. Defendants bring error. Reversed. The facts are stated in the opinion.

*Charles Flowers*, for appellants:

The court permitted a copy of the declaration to be filed in the circuit, not as a new or amended pleading, but as a copy of the paper claimed to have been lost. This amounted to permitting the plaintiff to amend the justice's return and was error. The evidence to prove the copy was insufficient. The party who made it was not called, and the witness called could not swear positively that he compared the copy with the original. The bond sued upon, not having been filed with the justice, could not be received in evidence without proof of its execution: How. Stat. § 6928 : *Colbath v. Jones*, 28 Mich. 280 ; *McMillen v. Beach*, 38 Mich. 397 ; the case was tried in the circuit court upon the pleadings before the justice.

*Griffin & Warner*, for plaintiff. [No authorities cited on points decided in opinion. REPORTER.]

CHAMPLIN, J. Wasson was proceeded against before a circuit court commissioner for unlawfully withholding the possession of premises after the expiration of his lease, and was found guilty. He appealed to the circuit court, and with the

other defendants as sureties, executed the bond upon which this suit was brought. This action was commenced before a justice of the peace, and the bond was not filed with the justice. The declaration was in writing. The plaintiff recovered before the justice, and the defendants appealed to the circuit. The justice failed to include the declaration filed among his papers, but had lost the same. On the trial in the circuit the fact that the declaration was lost from the files of the justice was proved, and plaintiff was permitted to file a copy in order to restore the lost file and complete the record. This was done against defendants' objection, and constitutes their first assignment of error. The action of the circuit court was proper, and the first exception is overruled.

In order to show the proceedings had before the circuit court commissioner, and to identify them, the counsel for plaintiff offered in evidence the files in that case, embracing the return of the commissioner to the action, including the proceedings had in the circuit court. The bond declared on appears among the papers returned by the commissioner. The counsel for plaintiff then offered in evidence the bond attached to the return of the commissioner. This was objected to by defendant for the reason that the execution of the bond had not been proven. The plaintiff's counsel then urged its admission, on the ground that the declaration alleged the instrument, and it proved itself unless denied. The court overruled the objection, and admitted the bond in evidence. It is urged here that there was no prejudicial error in this ruling, for the reason that the bond had already been received in evidence as a part of the commissioner's return. The record shows that it was not so regarded at the time. The return was offered for a specified purpose, and not for the purpose of putting the bond declared on in evidence, and it cannot be considered as having been received in evidence for the purpose of establishing the liability of the defendants as obligors therein. The ruling of the court when the bond was offered to be read in evidence was erroneous. The pleadings were those that were put in before the justice. And as the bond was not filed with the justice, the

plaintiff could not recover without proof of execution by defendants. No new issue was framed in the circuit, and rule 79 did not apply : *Colbath v. Jones,* 28 Mich. 280 ; *Mc-Millen v. Beach,* 38 Mich. 397.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.