LYMAN NEWTON v. HENRY PRINCIPAAL.

| 82 | 271 |
| 113 | 178 |
| 82 | 271 |
| 126 | 594 |

*Bills and notes—Pleading—Denial of execution—Proof of title.*

1. It is only in cases where the defendant has had an opportunity to deny the execution of a note under oath, and has failed to do so, that the plaintiff is *not* required to prove its execution; citing How. Stat. §§ 6875, 6923; *Colbath v. Jones*, 28 Mich. 280; Circuit Court Rule No. 79.

    So *held*, where a plaintiff declared in justice's court on the common counts in *assumpsit*, and recovered a judgment, from which the defendant appealed, and on the trial at the circuit plaintiff offered a promissory note in evidence, purporting to be signed by the defendant, without offering to prove its execution. The justice's return was silent as to the note, nor did it appear that it was filed with the justice. And it is held that proof of such execution was necessary.

2. Where a plaintiff claims title to a promissory note through its alleged indorsement by the payees by third persons as their agents and attorneys, the burden of proof is upon him to prove their authority to make such indorsement.

Error to Kent. (Burch, J.) Argued July 2, 1890. Decided August 1, 1890.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*Reuben Hatch,* for appellant.

*Arthur Jones,* for plaintiff.

CAHILL, J. This action was brought in justice's court by plaintiff, as indorsee, against the defendant, as maker, of a promissory note, which, with its indorsements, reads as follows:

"$173.71.            MUSKEGON, MICH., Aug. 15, 1884.

"Sixty days after date I promise to pay to the order of Arthur Meigs & Co. one hundred seventy-three and 71-100 dollars at Lumberman's Nat. Bank, with interest at the rate of ten per cent. per annum. Value received. Secured by chattel mortgage of even date.

"HENRY PRINCIPAAL."

INDORSEMENTS.

"Pay to the order of Orrin E. Norcross, without recourse.

"ARTHUR MEIGS & Co.,
    "By Delano & Bunker,
    "Their Agents and Attorneys."

"Pay to the order of Lyman Newton, without recourse.
    "O. E. NORCROSS."

The plaintiff had judgment, and the defendant appealed. In the circuit the plaintiff again had judgment. The defendant brings error.

The return of the justice shows that the pleadings before him were as follows:

"Plaintiff declares on the common counts in *assumpsit.* Defendant pleads the general issue."

Nothing appears in the return of the justice relating to a promissory note, nor does it appear that the plaintiff recovered upon any such note. On the trial in the circuit, when the note was offered in evidence, the defendant objected that the note was not admissible in evidence without proof of two facts—

1. The execution of the note by the maker.

2. The authority of Delano & Bunker to indorse the names of Arthur Meigs & Co., the payees of the note.

No proof was given tending to show the execution of the note by the maker, but counsel for plaintiff seems to have proceeded upon the idea that it was unnecessary. This would have been true if the note had been filed with the justice, but there is nothing in this record to show that the note in suit was so filed, or that the defendant ever had an opportunity to deny the execution of the note in justice's court, or in the circuit, until it was offered in evidence on the trial. In such case the plaintiff cannot have the benefit of the statute, or the rule relieving him of the necessity of proving a written instrument, as it is only in cases where the defendant has been given an opportunity to deny the execution of the note under oath, and has failed to do so, that the plaintiff is not required to prove the execution. How. Stat. §§ 6875, 6928; *Colbath v. Jones*, 28 Mich. 280; Circuit Court Rule No. 79.

Nor was the note admissible in evidence without proof of the authority of Delano & Bunker to indorse the names of Arthur Meigs & Co. as payees. It was through this indorsement that the plaintiff claimed title to the note, and the burden was upon him to prove it. *Spicer v. Smith*, 23 Mich. 96; *Hinkley v. Weatherwax*, 35 Id. 510. An effort was made to supply this proof by evidence that Delano & Bunker had been attorneys for Arthur Meigs & Co. in certain suits pending in Muskegon, involving the property covered by the chattel mortgage which was given as collateral to the note in question, and that in the settlement of those suits this note was purchased by one Orrin E. Norcross. This evidence was given by Mr. Norcross, and was of necessity almost entirely hearsay. We do not think it had any tendency to show that Delano & Bunker had authority from Arthur Meigs & Co. to indorse their names upon this particular note.

The admission of the note in evidence, under the circumstances, was error, for which the judgment must be reversed, with costs.

The other Justices concurred.