## ENSIGN v. HOOKER.

(City Court of New York, General Term. April 27, 1896.)

NEGOTIABLE INSTRUMENTS—ACTION ON—PROOF OF TITLE.

 In an action on a note, plaintiff does not establish his title merely by producing the note with the payee's name written on the back, where there is no evidence as to who wrote the payee's name, or how plaintiff came into possession of the note.

Appeal from trial term.

Action by Hermon L. Ensign against Walter H. Hooker. From a judgment entered on a verdict directed by the court, defendant appeals. Reversed.

Argued before VAN WYCK, C. J., and FITZSIMONS, J.

Abram F. Servin, for appellant.

Abram Kling, for respondent.

VAN WYCK, C. J. This action is against the maker of a promissory note. Plaintiff, by his complaint, alleges title to the note directly from the payee thereof, and this allegation of title is denied by the answer; hence plaintiff was called upon to make proof of the same at trial. The plaintiff's counsel, on the trial, produced the note, and offered it in evidence, and defendant's counsel objected "on the ground that the indorsement had not been proven." The objection was overruled. The defendant excepted, and the note, with the name of the payee written on the back, was marked in evidence as "Exhibit A." The record does not show one word of evidence as to who wrote the payee's name on the note, or as to how plaintiff came into possession of it. Respondent's brief says that this is a frivolous appeal, and that "it is settled law that it is unnecessary for the plaintiff to prove that the payee indorsed the note mentioned in the complaint, as the same was in plaintiff's possession, and produced by him at trial," and cites four cases as sustaining this proposition of law. But in Martin v. Manufacturing Co., 1 City Ct. R. 218, the judge there writing says: "The note in suit was properly indorsed, so as to pass title by delivery;" meaning, of course, properly indorsed by the payee. In Kidder v. Horribin, 72 N. Y. 160, the plaintiff was assignee in bankruptcy of one Glynn, who owned the note; and it was held that proof that he was duly appointed such assignee, and the fact that he had possession of the notes at trial, made out a prima facie case of plaintiff's title by assignment, without the payee's indorsement. In Scoville v. Landon, 50 N. Y. 689, it was held that possession of a note, not indorsed by a deceased payee, by the executor of such payee, was

proof of title in him, by operation of law. And in Price v. Brown, 98 N. Y. 388, the court properly, upon the proof, held that the legal and equitable title to the note is shown to be in the plaintiff. When a plaintiff in an action against the maker claims title to a note directly from the payee, and the question of title is at issue, he must prove the same either by showing that payee wrote or authorized the writing of his name upon the note, or that the same came to him by assignment, parol or written, from the payee, or that title to the note came to him by operation of law. The plaintiff here did not make the slightest proof of title by assignment, written or parol, or by operation of law; and the production by plaintiff of the note without proving that the payee's name was written on the back of the note by himself, or by some one authorized by him, was of no more weight as evidence of title by indorsement than would be the note without any name at all written on back of it; and such an unindorsed note, produced by a plaintiff whose title is challenged by a maker (defendant), without a single word as to how he came into possession of it, raises no presumption of title in him. However, if the payee himself is plaintiff, the production by him of the note unindorsed is evidence of title.

This judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.