BLY *v.* BRADY.

1. WRITTEN INSTRUMENTS — PLEADING AND PROOF — DEFENSES —
FRAUD.

Plaintiff brought *assumpsit* in justice's court upon a written
lease, but did not file with the justice the instrument sued
upon. Defendant pleaded the general issue, with notice of set-
off, recoupment, and failure of consideration, and, upon his
appeal from an adverse judgment, added a notice that he
would insist upon the further defense that his signature to
the lease, if it was in fact signed by him, was obtained with-
out consideration. Plaintiff, upon the trial, offered proof of
the execution of the lease, and introduced it in evidence.
*Held,* that evidence that defendant was induced to sign by
fraudulent representations as to the character of the paper
was competent under the pleadings.

2. SAME—PRIMA FACIE CASE—BURDEN OF PROOF.

In an action upon a written lease, plaintiff, by proving the exe-
cution of the instrument and offering it in evidence, makes
out a *prima facie* case, and the burden is upon defendant,
who seeks to avoid its effect under a claim that his signature
was fraudulently obtained, to establish the fraud.

Error to St. Joseph; Yaple, J. Submitted April 15,
1897. Decided May 28, 1897.

*Assumpsit* by Kinyon Bly and Alexander Taylor
against J. W. Brady, A. L. Guthrie, and Isaac G. Bliss,
for rent. From a judgment for defendant Bliss, plaintiffs
bring error. Reversed.

*L. B. Des Voignes* and *Howell & Carr*, for appellants.

*H. O. Bliss* and *B. E. Andrews*, for appellee Bliss.

MOORE, J. This suit was commenced in justice's court.
"The plaintiffs declared verbally in *assumpsit* on all
the common counts on a lease dated the 28th day of
March, 1889, signed by Kinyon Bly, one of the above-

named plaintiffs, and by E. A. Palmer and C. A. Sherrod, which said E. A. Palmer and C. A. Sherrod have duly assigned their interest to Alexander Taylor, one of the above-named plaintiffs, which assignment is in writing and filed herein. Said lease is also signed by the said defendants." The lease was not filed with the justice. After several continuances without pleading, a plea was interposed: "Now comes the defense, and declares the general issue, and notice of set-off, recoupment, and failure of consideration." The case was tried, and a judgment rendered in favor of the plaintiffs. The defendants appealed the case to the circuit court, where a more formal plea was entered on the part of the defendant Isaac G. Bliss. He pleaded the general issue, and gave notice "that, in addition to any other special defenses of which notice has been given by him, he will give in evidence, and insist in his defense, that his signature to the lease, contract, or other instrument upon which plaintiffs seek to recover against him in this action, if the same was signed by him at all (which fact this defendant denies), was obtained without any consideration whatever." The trial resulted in a verdict for the defendant Isaac G. Bliss. The plaintiffs appeal.

Several errors are assigned. We think but two of them call for discussion. It was the claim of the plaintiffs that all the defendants signed the lease which was introduced in evidence,—Brady and Guthrie signing it the day it was written, and Bliss a few days thereafter at his home,—and evidence was given tending to establish their contention. It is the claim of Bliss that, after the lease was executed by the real parties thereto, and some time after Brady and Guthrie had taken possession of the store, Bly came to Bliss, when the latter was at work in his field, and asked him some questions as to the responsibility of Brady and Guthrie, and asked Bliss to sign a recommendation of Brady and Guthrie, and produced a paper which Bly claimed was a simple recommendation of Brady and Guthrie, and assured Bliss that he could in no way become

113 MICH.—12.

liable by signing the paper, and would never hear of it again; that Bliss was about 70 years of age, and unable to read without glasses, and had no glasses with him, of which fact he advised Bly; that Bliss, acting upon and believing what Bly said was true as to the contents of the paper, signed it; that he would not have done so if he had been told he was signing a lease; and that nothing was said to him about a lease. He further testified that the first time he saw the lease, to know what it was, was at the trial in justice's court, and that he never knew his name was on the lease until after he was sued. It is the claim of the plaintiffs that this testimony was incompetent under the pleadings, and they cite *Child* v. *Manufacturing Co.*, 72 Mich. 623; *Miller* v. *Finley*, 26 Mich. 249 (12 Am. Rep. 306); *Briesenmeister* v. *Supreme Lodge Knights of Pythias*, 81 Mich. 525; *Union Central Life Ins. Co.* v. *Howell*, 101 Mich. 332.

The cases do not sustain the contention of plaintiffs. It will be remembered that plaintiffs did not file the lease with the justice of the peace at the time the declaration was made; and the record does not disclose that the defendant, or any one acting for him, saw the lease after the suit was commenced until the lease was produced upon the trial, but does show that Mr. Bly refused to let the defendant Bliss see it. Under the pleadings the lease could not be introduced in evidence without first proving it. *Colbath* v. *Jones*, 28 Mich. 280; *Bauer* v. *Wasson*, 60 Mich. 194; *Newton* v. *Principaal*, 82 Mich. 271. This was recognized by plaintiffs on the trial, and it was not offered by them until they had offered proof of its execution. We think the following cases bear upon the question: *Anderson* v. *Walter*, 34 Mich. 113; *Berringer* v. *Lake Superior Iron Co.*, 41 Mich. 305; *Soper* v. *Peck*, 51 Mich. 563; *Child* v. *Manufacturing Co.*, 72 Mich. 623,—and that the court did not err in the admission of the testimony.

The plaintiffs asked the court to give the following request:

"When the defendant attempts to avoid the signing of this lease in question by claiming that he signed another paper, thinking it to be merely a recommend, and that the signing of such other paper was induced by the trick or misrepresentation of the plaintiffs, then the burden of proof shifts, and it devolves upon the defendant to show by a preponderance of testimony that he signed such other paper, claimed by him to be a recommend merely."

The request was refused, and the court charged the jury as follows:

"To entitle the plaintiffs to recover, they are required to prove their case by a fair preponderance of the evidence. The execution of the lease in question on the part of Brady and Guthrie is not disputed; but, before the plaintiffs can recover in this action, they must also prove, by a fair preponderance of the evidence, the execution of the lease on the part of the defendant Bliss, and the assignment by Palmer and Sherrod of their interest in the lease and rent to Taylor. If the plaintiffs have proved, by a fair preponderance of the evidence, that the consideration, in whole or in part, for the execution of the lease, on the part of Bly, Sherrod, and Palmer, was the promise or agreement on the part of Bliss to execute the same on his part, and Bliss did execute it by signing the same, in pursuance of and to carry out his agreement, then Bliss would be liable on the lease, although he may not have signed it until after Brady and Guthrie executed it, and had commenced occupying the store; and if you further find that Palmer and Sherrod transferred their interest in the lease and the rent, before the commencement of this suit, to Taylor, then the plaintiffs are entitled to recover in this action for the rent of the store at the price stipulated in the lease, and the burden of proof of any payments on the rent, except such as are admitted by the plaintiffs, would be upon the defendants."

Plaintiffs claim this was error.

When the plaintiffs proved the execution of the lease, and offered it in evidence, they established a *prima facie* case, and, if no other proof was offered, were entitled to a verdict. The burden of proof is shifted by presumptions of law, presumptions of fact of the stronger kind, and evidence strong enough to establish a *prima facie* case.

2 Am. & Eng. Enc. Law, 656; *People* v. *Swineford*, 77 Mich. 582. To overcome the *prima facie* case made by the plaintiffs, the defense offered is that the signature to the lease was procured by fraud, and that no liability was incurred by the signing of it. We understand the rule to be, "He who alleges fraud must prove it." 2 Am. & Eng. Enc. Law, 656; *Miller* v. *Finley*, 26 Mich. 249 (12 Am. Rep. 306); *Robert* v. *Morrin*, 27 Mich. 306; *Darling* v. *Hurst*, 39 Mich. 765; *Brown* v. *Dean*, 52 Mich. 267; *Attorney General* v. *Ruggles*, 59 Mich. 123; *McArthur* v. *Oliver*, 60 Mich. 605; *Allison* v. *Ward*, 63 Mich. 128; *Peaslee* v. *Collier*, 83 Mich. 549; *Blanchard* v. *Moors*, 85 Mich. 380; *Zucker* v. *Karpeles*, 88 Mich. 413. In *Sloan* v. *Holcomb*, 29 Mich. 153, where, in defense to a foreclosure suit, it was averred that the mortgage was procured by false representations, it was held that the burden of proving such representations was on the defendants. See *Bostwick* v. *Benjamin*, 63 Mich. 289. The charge of the court was error. The plaintiffs were entitled to have an instruction to the effect that, as the defense was that the signature to the lease was obtained by fraud, the burden was upon the defendant to establish his defense.

The other assignments of error do not require discussion.

Judgment is reversed, and a new trial granted.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, C. J., did not sit.