Thomson, P. J.,
delivered the opinion of the court.
*399 We find nothing very perplexing in this ease. The appellees sued the appellant to recover a balance of $1,887.78, alleged to be dne on sales of merchandise. The merchandise was cement. The answer admitted the sales, but denied that the goods were of any value; and, by way of counterclaim, averred that the cement was purchased to be used in the construction of certain sewers under a contract between the defendant and the city of Denver; that the plaintiffs agreed to furnish to the defendant all the cement required for the work at $1.10 per barrel, the amount necessary being not less than 7,000 barrels, and the cement to be first-class, natural hydraulic cement, and acceptable to the board of public works and engineers of the city; that the plaintiffs delivered 2,427 barrels, and refused to deliver any more ; that the cement delivered, except 167 barrels of Portland cement, was Louisville cement, and was not acceptable to the board of public works or the engineers, who condemned it, and refused to permit it to be used in the construction of the sewers, unless it was mixed with Portland cement in the proportion of two parts of Louisville and Utica, to one of Portland; that, therefore, the defendant was compelled to purchase 700 barrels of Portland cement, at $8.75- per barrel, to his damage in the sum of $2,600, and that by reason of the plaintiffs’ failure to deliver the agreed quantity of other cement, and their failure to deliver cement of the quality agreed upon, the defendant was compelled to purchase 4,645 barrels elsewhere at more than the agreed price, to his damage in the further sum of $675. He asked judgment for $1,400. The material affirmative allegations of the answer were denied by the replication.
The evidence for the defendant upon every important question of fact to which the controversy gave rise, was contradicted by that introduced by the plaintiffs; and unless there was some erroneous ruling at the trial, the verdict, which was for the plaintiffs, must be accepted as final. Error is assigned to the giving and refusal of instructions, and the admission and exclusion of evidence.
There were sixteen instructions given, with seven of which *400 counsel find no fault in their argument. As to the others the objections are not sufficiently specific to direct our attention to the particular parts of them which counsel regard as vicious. Upon looking at the instructions given, we find them to be consistent with each other. They must, therefore, be considered together; and if, as a whole, they fully and fairly submitted the questions involved to the jury, we do not see that the defendant has any ground of complaint. The fact that each separate instruction which may be given in a cause, is not a complete submission of all matters in dispute, does not make it objectionable. If it deals with some particular part of the controversy, and what it omits is supplied by others, then the instructions supplement each other, and, taken together, they cover the entire ground, enabling the jury intelligently to consider every aspect of the case. These instructions fairly submitted the issues made by the pleadings and evidence upon the agreement between the plaintiffs and the defendant, and its performance by the plaintiffs; they correctly advised the jury of the duty of the defendant in respect to the cement which he received from the plaintiffs if it was below the agreed grade or quality, and of the conditions upon which the plaintiffs would be liable for the extra expense occasioned by the purchase of cement from other parties, and for the extra cost of the Portland cement with which the other was said to be mixed; they also laid down the true rule by which the defendant’s damage should be measured, if the facts were found which entitled him. to damage; they correctly stated the law in relation to the warranty, which, in the absence of express agreement, the law implies, that goods sold are suitable for the purpose to which they are to be applied, and are of standard quality; and properly submitted the question of the quality of this cement. So far as we can see, these instructions, considered as an entirety, contain no erroneous proposition, or defective statement. Ho point is made in argument upon the refusal of instructions asked by the defendant and, respecting them, we content ourselves by saying *401 that in so far as they were proper at all, they were embraced in the instructions given.
We shall now briefly consider the points made on the admission and rejection of evidence. A witness, F. J. Fisher, was asked, in behalf of the defendant, if he knew what Louisville cement was worth on the market on December 6, 1898. An objection, by plaintiffs’ counsel, to the question was sustained. Whether the value of Louisville cement was something proper to be ascertained, we need not inquire. The defendant was not injured by the refusal of the court to permit the question to be answered, because the witness, immediately afterwards, stated that the market value, in Denver, at that time, of first-class natural cement, — the cement, and the only cement, which, according to the complaint, the plaintiffs agreed to furnish, — was $1.25 per barrel. Henry Himber, testifying for the plaintiffs, was asked concerning tests and examinations made by him of cement in the 20th street sewer, which was not one of the sewers built by the defendant. Defendant’s counsel objected to the question without assigning any reason for the objection. He is, therefore, not entitled to have the objection considered. However, the question, the object of which was to elicit what the witness found in regard to the quality of the cement in the 20th street sewer, was proper, because it was shown in evidence that that cement was part of the identical lot out of which the defendant’s purchase was made, and was therefore, presumptively, of the same quality. It would not have done much good to examine the cement in the sewers built by the defendant, because he had changed its original character by mixing it with Portland cement. Another witness testified that he made tests of cement in the plaintiffs’ warehouse, and the evidence was that it was part of the same stock from which the cement purchased by the defendant was taken. He was asked for the result of his experiments. Defendant’s counsel objected, but based his objection on no substantial ground. We are therefore not compelled to notice it; but, for the purpose of show *402 ing the quality of the cement which the defendant denounced as worthless, we think the question was entirely proper.
We do not feel that any good will he accomplished by pursuing this subject further. There were other objections of a similar character, and equally untenable. To give them separrate attention, would involve an outlay of time without adequate result. The record discloses no error, and the judgment will be affirmed.

Affirmed.