BLY *v.* BLISS.

ACTIONS—PARTIES—LEASE—ASSIGNMENT OF UNDIVIDED INTEREST.
　　Under 3 Comp. Laws 1897, § 10054, authorizing the assignee
　　of a chose in action to sue thereon in his own name, the
　　assignee of an undivided interest in a lease may join with
　　the owner of the other undivided interest in a suit for rent.

Error to St. Joseph; Yaple, J.　Submitted January 12,
1900.　Decided March 6, 1900.

*Assumpsit* by Kinyon Bly and Alexander Taylor
against Isaac G. Bliss, impleaded with J. W. Brady and
A. L. Guthrie, for rent.　From a judgment for plaintiffs,
defendant brings error.　Affirmed.

*Stewart & Bliss* and *B. E. & L. F. Andrews*, for
appellant.

*J. R. Carr* and *L. B. Des Voignes*, for appellees.

MOORE, J.　This case has been here before, and is
reported as *Bly v. Brady* in 113 Mich. 176 (71 N. W.
521).　A reference to that case will make a detailed state-
ment of the questions involved here unnecessary.　In the
last trial of the case the plaintiffs obtained a judgment.
The defendant has brought the case here by writ of error,
assigning 30 errors.　Many of the assignments relate to
questions that were argued and passed upon when the
case was here before.　They are again argued here.　We
do not deem it necessary to allude to them further.　Other
of the assignments of error relate to rulings upon the ad-
mission of evidence, remarks of counsel, and the charge of
the court.　We have examined all of them carefully, but,
except as referred to later, we do not deem it necessary to
discuss them, as we are satisfied that the learned judge,
as to those matters, carefully guarded the rights of the
defendant.

In the course of the trial it appeared that, prior to the time Palmer and Sherrod assigned their interest in the lease to Mr. Taylor, Mr. Bly had collected one-half of the rent which was paid, and Sherrod and Palmer had collected the other half. It is claimed by counsel that Taylor, as assignee of part of a chose in action, cannot join in this proceeding with Mr. Bly, who was an original party to the lease, as Mr. Bly, suing as original payee, and Mr. Taylor, as assignee of the other payee, must in their declaration declare in different capacities; citing *Mandlebaum* v. *McDonell*, 29 Mich. 91; *Learned* v. *Ayers*, 41 Mich. 679 (3 N. W. 178); *Otis* v. *Adams*, 56 N. J. Law, 38 (27 Atl. 1092); and other cases. An examination of the cases shows they are not in point. I take it there could be no question but that this action could have been maintained in the names of Bly, Sherrod, and Palmer, had no assignment been made. The declaration is upon the common counts, and also upon the lease—

"Dated the 28th of March, 1889, signed by Kinyon Bly, one of the above-named plaintiffs, and by E. A. Palmer and C. A. Sherrod, which said E. A. Palmer and C. A. Sherrod have duly assigned their entire interest in said lease to Alexander Taylor, one of the above-named plaintiffs, which said assignment is in writing, and filed herein."

The record discloses that, when the lease was made, Mr. Bly owned an undivided one-half of the store property, and Palmer and Sherrod owned the other half. Before this action was commenced, Palmer and Sherrod deeded to Mr. Taylor an undivided one-half of the real estate. They also assigned to him all their right and interest in the lease. Mr. Bly being the owner of an undivided one-half of the property, and Palmer and Sherrod of the other half, what interest had the respective parties in the rent due upon the leased property? Clearly, Mr. Bly was entitled to an undivided one-half interest therein and Palmer and Sherrod to the other undivided one-half. When Palmer and Sherrod deeded their interest in the

real estate and assigned the lease to Mr. Taylor, he succeeded to their rights, and became the owner of an undivided one-half of the amount due on the lease, so that at this time the debt became one due to Bly and Taylor. Under the provisions of section 10054, 3 Comp. Laws 1897, and the many cases there cited, it was competent to bring the suit in the form in which it was brought.

Judgment is affirmed.

The other Justices concurred.