[No. 2092.]

THE TOWN OF COLORADO CITY v. SMITH.

1.  **Appellate Practice—Verdict—Conflicting Evidence.**

A verdict of a jury upon conflicting testimony is conclusive on the appellate court where there is sufficient evidence to support the verdict and it is not manifestly contrary to the weight of the testimony.

2.  **Negligence—Personal Injuries—Excessive Damage.**

In an action against a town for damage for personal injuries, where plaintiff, before the injury, was a strong, healthy woman, earning from $1 to $1.50 per day from her work, and by the injury she was rendered unfit to perform her ordinary work and is unable to earn anything, a verdict for $2,000 will not be held excessive.

3.  **Practice—Evidence—Objections.**

Objections to the admission of evidence without assigning any reasons therefor do not entitle a party to have such objections considered.

4.  **Evidence—Admissions—Not Prejudicial.**

In an action against a town for injuries caused by a defective sidewalk, the admission in evidence of a conversation had with the mayor, wherein he admitted that he had known of the defect for a long while prior to the accident, and had directed it to be repaired, was not prejudicial where the evidence, outside of the conversation, was amply sufficient to charge the town with notice of the defective condition of the sidewalk.

5.  **Negligence—Cities and Towns—Defective Walks—Notice—
    Evidence.**

In an action against a town for injuries from a fall occasioned by a loose plank in the sidewalk where the evidence located the exact defect that caused the injury, it was then com-

petent, in order to prove notice to defendant, to show that sim-
ilar defects existed in the immediate vicinity of the place where
the accident occurred.

*Appeal from the District Court of El Paso County.*

Mr. JOHN R. WATT and Mr. JOHN W. SLEEPER,
for appellant.

Mr. GEORGE GARDNER, for appellee.

WILSON, P. J.

Mrs. Smith brought suit against the defendant
town to recover ten thousand dollars damages for
personal injuries received in consequence of a fall
upon a sidewalk, which she claims that the defendant
had negligently permitted to become and remain inse-
cure, unsafe and defective. The verdict of the jury
was in her favor, damages being assessed at two
thousand dollars, and judgment was rendered accord-
ingly. The verdict and judgment are vigorously as-
sailed by counsel in their argument, because it is
claimed they were not supported by the evidence and
in the same connection for the further reason that
the damages awarded were excessive. With refer-
ence to the first objection, it need only be said that
there was some conflict in the testimony, so far as the
question concerned the negligence of the defendant,
but it was amply sufficient to support a verdict for
plaintiff, indeed, the great weight of the testimony
favored such a verdict. In such cases, that the find-
ing of the jury is conclusive upon this court has been
so repeatedly held that no citation of authorities is
necessary.

There was also some little conflict of evidence as
to the character and extent of the injuries suffered by
the plaintiff, but by no means sufficient to warrant
this court in saying that the damages awarded were
excessive. In suits of this character, it is the special

province of the jury to determine the amount of the damages, and nothing is disclosed by the evidence which would justify us in interfering with its prerogative in this case. We do not discover anything which would justify us in holding that the jury was misled, that it acted through bias or prejudice, or that the judgment was exorbitant or disproportioned to the injuries received.—*Wall et al. v. Livezay,* 6 Colo. 465; *City of Denver v. Dunsmore,* 7 Colo. 343. There was testimony to the effect that plaintiff suffered much pain in consequence of her fall; that before the injury she was a strong woman, washed, and kept boarders, earning from $1.00 to $1.50 a day; that since such time she had been unable to do such work, or to earn anything, and had been rendered unfit to perform her ordinary duties.

The remaining questions discussed by counsel concern the alleged admission of improper and incompetent evidence. If there was any merit in this contention, the defendant would be precluded from receiving any benefit from it, because in almost every instance, the objection was not properly made. Defendant simply objected, without assigning any reason therefor, and in such case it is not entitled to have the objection considered.—*Hindry v. McPhee,* 11 Colo. App. 401. We do not think, however, there was any weight in the objection to that evidence to which counsel most particularly direct the attention of the court in their argument, and the admission of which, they contend, was most serious error. The testimony as to a conversation with the mayor in which he is said to have admitted that he had known long prior to the accident that the plank which was the occasion of the plaintiff's fall was loose, and had directed it to be repaired, was not prejudicial to the defendant, even if it was improperly admitted. Its object and purport, of course, was to fasten knowl-

edge of the defect upon the city, and the testimony was amply sufficient for this purpose, excluding entirely this conversation. The location of the walk and the great length of time during which it was shown that at the immediate place and vicinity where this accident occurred, it had been in a defective condition, was alone sufficient for this purpose.—*City of Boulder v. Niles,* 9 Colo. 421. Besides, at least two witnesses who had been in the employ of the city and whose special duty it was to look after the sidewalks and streets, testified positively that to their personal knowledge the sidewalk at this point had been for a long time in bad condition, and that it had been impossible to keep it in repair. It seems that it was constructed of wood, and had been down for so many years that stringers and boards had become so rotten that the boards could not be held down by the nails,—at least, such was the testimony of a number of witnesses, and this was ample to charge the town with notice.

Defendant insists that the testimony as to the defective condition of the walk should have been confined strictly to the single plank which was alleged to have occasioned the fall of the plaintiff. We think not, under the circumstances. That the fall was occasioned by a certain loose plank was shown by the testimony of the plaintiff, and of two persons who were with her, and the exact location of this plank was identified. It was then clearly competent in order to show notice to and knowledge by defendant, for plaintiff to further show that the walk was defective and dangerous, and that similar defects existed in that vicinity, the attention of the witnesses being directed, as was invariably done in this case, to the immediate vicinity of the spot where the fall was occasioned. The defendant does not complain of any instructions.

There being in our opinion no reversible error in the admission of any evidence, and the jury having found for the plaintiff upon conflicting but sufficient testimony, the judgment will be affirmed.

*Affirmed.*