GEORGE JAMES v. HENRY B. BLACKMAN *et al.*

No. 13,527.   ( 75 Pac. 1017.)

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Innocent Purchaser—Presumption.*   A presumption that the owner of negotiable paper is an innocent purchaser does not arise until he has proved the indorsement by the original payee, where such indorsement is denied under oath.

Error from Graham district court; CHARLES W. SMITH, judge.   Opinion filed March 12, 1904.   Affirmed.

*H. J. Harwi,* for plaintiff in error.

*W. B. Ham,* for defendants in error.

The opinion of the court was delivered by

MASON, J. : In March, 1899, Henry B. Blackman owned a quarter-section of land in Phillips county, upon which there was a mortgage securing a note for $1000, which had been due for more than five years, and was apparently barred by the statute of limita-

tions. J. Q. Lowe bought the land from Blackman for $325. In January, 1900, Lowe asserted that he had been induced to buy the land upon the representation of Blackman that the mortgage was outlawed, whereas, in fact, its validity had been preserved by a written acknowledgment. Upon the strength of this assertion he demanded that Blackman restore to him the purchase-price. On January 12, 1900, Blackman and his wife executed to Lowe's wife, E. J. Lowe, a mortgage upon a quarter-section of land in Graham county, which Blackman had purchased with the money obtained by the sale to Lowe, securing a note for $325, due in two years. On January 20, 1900, Blackman brought an action against Mrs. Lowe, asking the cancelation of such mortgage, alleging that he signed it only by reason of duress induced by the threat that unless he did so Lowe would send him to the penitentiary for his conduct in connection with the sale of the Phillips county land. In May, 1900, the plaintiff, upon a showing that the mortgage had been transferred by Mrs. Lowe to C. E. Nelson, and by him to George James, caused these assignees to be made parties defendant. On September 14, 1900, James filed an answer, in which he claimed the rights of an innocent purchaser of the note and mortgage, and alleged that he had acquired them by indorsement on January 16, 1900. A reply, duly verified, was filed, which included a general denial. A trial was had without a jury, resulting in a judgment for plaintiff, which defendant James now seeks to reverse.

The only contentions made are that there was not sufficient evidence to sustain a finding of duress, and that, in any view of the facts presented, the defendant was protected as an innocent purchaser of negotiable paper.

The plaintiff testified that Lowe threatened him with a criminal prosecution, and that he would not have signed the mortgage but for this threat.  It was not admitted that he had been guilty of any criminal offense, and if it can be said that there was evidence tending in that direction, it was certainly far from conclusive.  Within the doctrine of *Heaton v. Bank*, 59 Kan. 281, 52 Pac. 876, and cases there cited, the evidence warranted the cancelation of the mortgage as against the original holder.

It is argued in behalf of plaintiff in error that there was a presumption that he was an innocent purchaser, and that this presumption was not overcome.  He pleaded that he acquired the note four days before the filing of the suit, but testified that he thought he had bought it two months later.  He therefore bought with constructive notice of the plaintiff's claim, unless the negotiable character of the note exempted the purchaser of the mortgage from the ordinary effect of a pending suit relating to real estate.  This question need not be determined.  The allegation that the note was indorsed by the original payee and by the intermediate holder was denied under oath, and before defendant could claim that either he or Nelson, from whom he acquired it, was an innocent purchaser, it was incumbent upon him to prove at least the indorsement by Mrs. Lowe.  This he wholly failed to do.  Without such indorsement the note could not be transferred freed from equities.

The judgment is affirmed.

All the Justices concurring.