[No. 8027.]

## MARKS V. MUNSON.

1. QUIETING TITLE—*Parties.* One claiming to be assignee of an indebtedness secured by mortgage, is not entitled to implead an adverse claimant of the mortgage lands, unless he is in fact such assignee. (441.)

2. PLEADINGS—*General Denial,* puts in issue the assignment of a promissory note secured by a mortgage of lands, upon allegation of which assignment to him the plaintiff prays that the title to the lands be quieted in him.

The mere production of the note, with what purports to be the endorsement of the payee, is not sufficient. Both the execution and the endorsement must be proven. *Wyman v. Colorado National Bank,* 5 Colo. 30, and *Pendleton v. Smissaert,* 1 Colo. App. 508, distinguished. (441, 443.)

3. NEGOTIABLE INSTRUMENTS—*Endorsement—Must Be Proved,* if denied, in an action by the assignee. The mere production of the paper is not sufficient. (448.)

The expressions to the contrary in *Gumaer v. Sowers,* 31 Colo. 164, must be regarded as *dicta.* (448.)

*Error to Logan District Court.* HON. H. P. BURKE, Judge.

Messrs. McCONLEY & HINKLEY, for plaintiff in error.

Messrs. MUNSON & MUNSON, for defendant in error.

*En Banc.*

TELLER, J., delivered the opinion of the court.

The defendant in error brought suit as the holder of a promissory note secured by a deed of trust, to cancel a tax deed as a cloud on the title of the land covered by the deed of trust, preliminary to a suit to foreclose. The plaintiff in error was in possession of the land, under a tax deed. The complaint alleges the execution and delivery of the note to one William F. Leonard, and the securing of its payment by deed of trust on August 22, 1888, and "that the plaintiff herein is the owner and holder of said note, the same being transferred to him in due course for a valuable consideration."

It alleges also that the tax deed is void for various irregularities in the proceedings leading to its issue.

A verified answer filed in the cause "denies each and every allegation in said complaint contained," and adds several separate answers, and special defenses, none of which, in our view of the case, calls for consideration. The plaintiff on the trial offered in evidence what purported to be the note in suit, upon the back of which appeared the following in writing: "Without recourse. Wm. F. Leonard. Wilson & Toms Investment Co., St. Louis, Mo." Objection was made to the introduction of the note, on the ground that the allegations of the complaint were denied by a verified answer, and that there was no proof made of the genuineness of the signature of the maker or the payee, or of the fact of transfer. The objection was overruled, and that ruling of the court is assigned as error.

It is evident that plaintiff had no right of action unless he was in fact, the owner and holder of the note, as alleged in his complaint. Counsel for defendant in error assert that the general denial is not sufficient to raise this question, but the cases cited do not support the contention.

The general denial puts the plaintiff upon proof of the facts alleged, including the transfer of the note to him.

The defendant in error insists that the production of the note by the plaintiff made a *prima facie* case of title in him, and cites several authorities to support his contention. This position is simply that possession of a negotiable note bearing upon it what purports to be an indorsement by the payee is proof of ownership, and that it is unnecessary to prove either the signature of the maker, or that of the payee whose name appears on the back of it.

Among the cases cited on this point is that of *Wyman v. Colorado National Bank,* 5 Colo. 30, 40 Am. Rep. 133, from which the following citation is made: "The indorsement of Corning as payee was sufficient to transfer the legal

title of the draft to the Colorado National Bank, and vest in it the complete ownership. The possession of the paper by the defendant, as such indorsee, imported *prima facie* that it was acquired in good faith, for full value, in the usual course of business, before maturity, and without notice of any circumstances impeaching its validity; and that such holder was the owner thereof, entitled to recover the full amount against all prior parties. 1 Daniels on Neg. Insts., sec. 812."

Counsel say that in this case, as in that, there was no evidence offered to rebut that presumption of ownership hence the proof was sufficient.

But he overlooks an important fact in the case upon which he relies, viz: that the draft in suit was admitted to have been indorsed by the payee. There is, therefore, nothing in the case which bears upon the matter now under consideration. The court in saying that the indorsement transferred the title, was speaking of a proved or admitted indorsement, and not of the mere writing of a name identical with that of the payee. It is not the written name of the payee on the note, but his "signature" which constitutes an indorsement. Secs. 4494, and 4526 R. S. 1908.

It is in this sense in which the term is used in the authorities, the overlooking of which fact, has, as we shall see, caused some misunderstanding of the cases.

The quotation from 8 Cyc. 227, must be understood in the use of the term "holder" to mean one who is technically a holder under the law merchant, and not one having merely manual possession of the instrument.

The case of *Poorman v. Mills,* 35 Cal. 118, 95 Am. Dec. 90, cited in support of plaintiff's contention, holds directly the contrary. The court said: "No objection was made that the indorsement was not proven. Had objection been made, proof of that fact would have been required. 5 Cal. 137." The interpolation of the word "not" in the brief, after the

word "would" in the last line of the quotation makes the ruling seem contrary to what it in fact is.

The further quotations from that case are not in point when once we recognize the fact, to which attention has already been called, that when the court speaks of a note "indorsed" it means bearing the signature of the payee, which of course, is to be proved unless admitted.

Counsel cite also *Pendleton v. Smissaert,* 1 Colo. App. 508, 29 Pac. 521, as conclusive of the law in this jurisdiction.

In that case suit was brought against the maker of a note by one claiming to hold it as owner under an alleged indorsement by the payee, Cheney, to one Prentice, and a transfer by Prentice to the plaintiff. The note bore on its back the words "George M. Cheney," and "H. L. Prentice."

The note was set out in the complaint and the answer contained a statutory denial of the indorsement and transfer, and a special defense that the note was given for a gambling debt, of which fact the plaintiff had full knowledge when he took the note.

The record shows that the plaintiff, on the trial, introduced the note in evidence, and rested his case. The bill of exceptions originally did not show any objection to the note, but it was amended on affidavit to show that "the defendant's attorney here objected to the indorsements on said note, which objection was overruled and an exception saved."

It will be noted that the objection specified no grounds, and was made not to the note, but to the indorsements.

If the grounds of objection had been stated the genuineness of the signatures of the indorsers might have been proved. The objection was not, therefore, subject to review in the Appellate Court, (*Cowell v. Colo. Springs Co.,* 3 Colo. 82; *Colorado City v. Smith,* 17 Colo. App. 172, 67 Pac. 909), and that court was not called upon to consider

the alleged error in overruling the objection. Hence, the decision need not have been based upon the question of the admissibility of the note in evidence without proof of the indorsements.

The appellant assigned as error the refusal of the court to give an instruction that the plaintiff could not recover without proving the signatures of *both* indorsers. In considering this refused instruction the court discusses the evidentiary value of a note indorsed in blank or payable to bearer, and makes some statements which support the contention of the defendant in this case. These statements were mere *dicta*, because not called for by the issue presented as to the correctness of the refused instruction. The refusal of the instruction was rightly held no error, since it is clear that if plaintiff proved the indorsement by the payee it was sufficient. It was not necessary to prove the other indorsement.

The holder of a note indorsed in blank may strike out all indorsements subsequent to that of the payee and hold directly from him. *Zimmer v. Chew,* 34 Ap. Div. 504, 54 N. Y. Supp. 685, section 4511, R. S. 1908. In the *dicta* above mentioned the writer of the opinion cites the cases of *Wyman v. Bank,* and *Poorman v. Mills,* above mentioned, and section 812 of Daniels on Neg. Insts. We have already pointed out that those two cases do not support the position to which they are cited; and the same is true of the other cases cited, as well as of the citation from Daniels. That author appends to section 812 a note citing a large number of cases in support of the text, none of which suggests that a note may be received in evidence, where its execution or endorsement is denied, without proof of the signatures. The language of these cases, when applied to the facts thereof, clearly means only that an instrument in fact executed as a note, bearing a genuine indorsement, when offered in evidence by an endorsee, if indorsed in blank, makes a *prima facie* case of ownership.

One of the first cases cited in this note is *Collins v. Gilbert*, 94 U. S. 753, 24 L. Ed. 170, in which the court said: "Possession of such an instrument payable to bearer, or indorsed in blank is *prima facie* evidence that the holder is the proper owner and lawful possessor of the same. Apply that rule in a suit in the name of the transferee against the maker, and it is clear that he has nothing to do in the opening of his case, except to prove the signatures to the instrument and introduce the same in evidence, as the instrument goes to the jury clothed with the presumption that the plaintiff became the holder of the same for value at its date, in the usual course of business, without notice of anything to impeach his title." This, it will be observed, recognizes the necessity of proving the signatures, and indicates what are the presumptions raised by possession of a note bearing a *genuine* indorsement. None of the cases cited by Mr. Daniels presents this question. On the other hand, a large number of cases in which the question has been presented hold it necessary to prove the signatures of the maker and payee, where the execution and indorsement of the note are denied. *Mahe v. Reynolds*, 38 Cal. 560; *Wallace v. Reed*, 70 Ind. 263; *Wyant v. Pottorff*, 37 Ind. 512; *Worrell v. Roberts*, 58 Mo. App. 197; *Bates v. Hunt*, 1 Blackf. (Ind.) 67; *Reinhard v. Dorsey Coal Co.*, 25 Mo. App. 350; *Schroeder v. Neilson*, 39 Neb. 335, 57 N. W. 993; *Newton v. Principaal*, 82 Mich. 271, 46 N. W. 234; *Hall v. Freeman*, 59 Ill. 55; *Johnston v. Loar*, 145 Ill. App. 443; *Jackson Tp. v. Barnes*, 55 Ind. 136; *McCormack v. Trotter*, 10 Serg. & R. (Pa.) 94; *Spicer v. Smith*, 23 Mich. 98; *Slaughter v. First National Bank of Montgomery*, 109 Ala. 157, 19 South. 430; *Chadwick v. Booth*, 13 Abb. Prac. (N. Y.) 249; *Clark v. Cropper*, Fed. Cas. No. 2817a; *Smith v. Bryan*, 33 N. C. 418; *Estabrook v. Boyle*, 1 Allen (83 Mass.) 412; *Tolle v. Alley*, 24 S. W. 113, 15 Ky. Law Rep. 529; *McHay v. Peterson*, 52 Tex. Civ. App. 195, 113 S. W. 981; *In re Church's Estate*,

80 Vt. 228, 67 Atl. 549; *Duncan v. Scott,* 1 Camp. 100; *Ensign v. Hooker,* 16 Misc. Rep. 492, 38 N. Y. Supp. 968.

In the last case this question was squarely presented, as it was also in *Schroeder v. Nielson, supra, McCormack v. Trotter, supra,* and in several others of the above cases, and it was held in each case that the presence of a name upon the back of a note raised no presumption that it was written by the person bearing it.

That the signatures must be proved was determined in the early case of *Smith v. Chester,* 1 T. R. 654, Kings Bench. In that case suit was brought by the indorsee against the acceptor of a foreign bill. Having failed to prove the handwriting of the first indorser, the plaintiff was non-suited. On motion to set aside the non-suit, on the ground that as the indorsements were on the bill when accepted, they must be taken to be admitted by the drawee, and that he could not afterwards dispute them, it was urged that it was a hardship to compel proof of indorsements on foreign bills.

The court was unanimous in denying the motion. ASHURST, J., said: "The law has been otherwise settled and if it were not so, there would be no difference in this respect between bills payable to order, and those payable to bearer, and it would open the door to fraud."

It will be observed that in this case the motion was grounded upon a supposed estoppel of the acceptor, and the case for the plaintiff was therefore stronger than in the case at bar.

In *James v. Blackman,* 68 Kans. 723, 75 Pac. 1017, it was held that the presumptions in favor of the holder of a promissory note as indorsee, do not arise until he has proved the indorsement by the payee, unless the indorsement is admitted. In a case involving an action by an indorsee against the maker of a note indorsed in blank the eminent Judge Parsons said: "No person can maintain an action as indorsee of a bill of exchange, against the drawer

or acceptor, without proving an assignment of the bill by the payee. The plaintiff's title to recover is as assignee of the payee; and it is necessary that he show the assignment by proving the signature of the assignor, who is the payee, either by evidence of his handwriting, or by other sufficient evidence." *Blakely v. Grant*, 6 Mass. 385.

This same doctrine is laid down in the text books. In 2 Greenleaf on Ev., sec. 163, 16th Ed., it is said: "Where the action is between the immediate parties to the contract, as payee and maker of the note, the plaintiff ordinarily has only to produce the instrument and prove the signature, but where the plaintiff was not an original party to the contract, but has derived his title by means of some intermediate transfer, the steps of the transfer become to some extent material to be proved." In a note to that section, it is said: "Possession of a negotiable bill or note is *prima facie* evidence of the title in the holder, on proof of the indorsements." In sec. 164 it is said: "Acceptance of a bill admits signature of drawer and admits nothing as to the signature of payee or other indorsers." In sec. 166 it is said: "Plaintiff is not bound to allege, nor, of course, to prove, any indorsements but such as are necessary to convey title to himself."

In Story on Prom. Notes, sec. 138, it is said: "In ordinary cases where a note is in all respects genuine, and with a genuine indorsement in blank by the proper owner or holder, the possession of it is sufficient to entitle the person producing it, to receive payment thereof, for such possession is *prima facie*, or presumptive evidence, that he is the rightful owner or lawful possessor of the note." This confirms the statement above made that the authorities when speaking of a blank indorsement mean a genuine indorsement, and not a mere name written on the back of the note. To the same effect see 2 Starkie on Ev. (7 Am. Ed.) 215.

The question is conclusively settled by the same author whose text is cited in support of the court's position in the opinion under discussion. In the 6th Ed. of Daniels on Negotiable Instruments, sec. 812, it is said: "When indorsement is denied the holder must prove indorsement by the original payee in order to hold the presumption that he is an innocent purchaser." And in sec. 1219 it is said: "A negotiable instrument can not be admitted in evidence when its execution and delivery have been denied, without proof of the genuineness of the signatures; in such case the burden of proof is on the plaintiff to prove that the instrument was duly executed and delivered, and under the general issue, or a denial of an indorsement in an action by an indorsee, there must be proof of due indorsement."

*Pendleton v. Smissaert* was rightly decided, but the *dicta* above mentioned, and upon which counsel for defendant in error relies, does not correctly state the law.

*Gumaer v. Sowers*, 31 Colo. 164, 71 Pac. 1103, is another case in which this question was discussed. There the objection to the introduction of a note without proof of the signatures was not made in apt time, so as to make the ruling on its admission reviewable in this court. The judgment was properly affirmed, but in the opinion there are some statements which support the position of defendant in error in this case. They were, however, not necessary to the decision; were due to evident misapprehension of the authorities, as in the case above discussed, and should be regarded as *dicta* merely.

We are of the opinion that, both on principle and authority, in a suit against the maker of a promissory note by one claiming to hold as an indorsee, where the execution and indorsement are put in issue by the answer, such note is not admissible in evidence without proof of the signatures. There is no presumption that the names on the note were written by or under the authority of the persons whose

signatures they purport to be. There was, therefore, error in overruling defendant's objection to the admission of the note in this case. There being no competent evidence of plaintiff's ownership of the note, he was not entitled to relief.

*The judgment is reversed and the cause remanded.*

GABBERT, C. J., and SCOTT, J., concur specially.

WHITE, J., not participating.

CHIEF JUSTICE GABBERT concurring specially.

It was necessary for plaintiff to prove the signature of the maker. It was also necessary for him to prove the transfer, but the possession and introduction of the note, indorsed by a name identical with the name of the payee, would be *prima facie* evidence that plaintiff was the owner in due course.

Mr. JUSTICE SCOTT concurs with these views.