### CLAFFY v. FARROW et al.

*(City Court of New York, General Term.   March 10, 1892.)*

1. ACTION ON NOTE—PROOF OF INDORSEMENT—JUDGMENT ROLL.
     In an action on a promissory note, where judgment was entered by default against all the defendants except the first indorser, on whom process was afterwards served, the judgment roll, showing the judgment by default against the other indorsers, is not admissible to prove his title by indorsement from them, but the note should be produced, and proof made of the genuineness of the signatures of the indorsers.

2. SAME—EVIDENCE—SUFFICIENCY OF OBJECTION.
     The notes were afterwards introduced in evidence without objection on the part of defendant, but it appeared that at the time of admission defendant's counsel, in a colloquy with the court, moved to dismiss, on the ground "that there was no evidence that the title to the note is in plaintiff." *Held* sufficient to have put plaintiff to proof of the genuineness of the indorsements of the note.

3. SAME—PURCHASER FOR VALUE—WANT OF PROOF.
     The evidence being that the note in question was stolen from the custody of defendant's partner, the court erred in rendering judgment for plaintiff without proof that he was a purchaser for value.

Appeal from trial term.

Action by John Claffy against Edward S. Farrow and others. From a judgment for plaintiff, defendant Farrow appeals. Reversed.

Argued before VAN WYCK and FITZSIMONS, JJ.

*Nichols & Bacon,* for appellant.   *Kellogg, Rose & Smith,* for respondent.

VAN WYCK, J.   This action is upon a promissory note made by the defendant Worth to the order of defendant Farrow, who indorsed the same payable to the order of the defendant Barnegat Company, by whom it was indorsed, as well as by the defendant New York Improvement Company; and the plaintiff claimed to have subsequently acquired the same before maturity, and for value. It appears that the two defendant corporations were duly served with the summons herein in March, 1891; that the improvement company failed to plead; that the Barnegat Company, although answering, suffered an inquest to be taken against it; and that thereupon, on April 18, 1891, a judgment was entered against them by default. The defendant Farrow, who was served October 13th, was the only defendant who appeared at the trial, which was had on December 18th, and which resulted in a verdict being directed by the court in favor of plaintiff for the full amount of note and interest. Every allegation of the complaint, except as to the incorporation of the two defendant corporations, was put at issue by the answer of Farrow, which also set up an affirmative defense. At the trial plaintiff offered in evidence this judgment roll, filed on April 18th, in this case against these two defendant corporations, "as to the title to this note, which comes through them. The other side denies that we are the owners of the note," and it was admitted against the objection of counsel for Farrow, the only defendant defending, and

exception was taken. This was error, for the proper way to prove title by indorsement denied is by offering the note with proof of the genuineness of the signatures of the indorsers. Plaintiff's counsel contends that this was harmless error, because the note was subsequently offered in evidence, and purported to be regularly indorsed by all of these defendants, and, as he contends, was admitted without objection, although an exception appears to have been taken to its admission during a colloquy between the court and defendants' counsel, had at that very moment, and at the close of which defendants' counsel immediately moved to dismiss on the ground "that there was no evidence that the title to the note is in this plaintiff." It does seem that, although this exception may not be strictly regular, yet, viewed in the light of this mutual discourse between the court and counsel, as appears by the record, it should be deemed available to defendant in so far as to have required proof of the genuineness of the indorsement of the Barnegat Company as appearing on the note, for, as already said, the judgment roll did not prove the genuineness of the same. The genuineness of this indorsement was material, for it must be remembered that defendant Farrow, the payee, had indorsed the note payable to the order of the Barnegat Company, which precluded the passing of title thereof by delivery alone, and required the indorsement of that company in order to permit of plaintiff acquiring title thereto. However, there is another and further reason why this judgment should be reversed. The plaintiff neither gave nor offered any affirmative proof of the *bona fides* of his holding of the note, but the plaintiff, assuming that the note and the indorsements were properly proven, and in evidence, simply relied upon the legal presumption raised thereby. Of course, upon the production in court of a note with indorsement properly proven, the presumption of law is raised not only that the plaintiff is the holder of it, but that he was the holder thereof before maturity, and for full value; but this presumption is overcome by proof on behalf of a defendant that the note has been diverted from the purpose for which it was delivered, or that it was obtained from the defendant by fraud or theft. A witness for defendant Farrow was allowed to testify, without objection from plaintiff, as follows: "I am the partner of Mr. Farrow in the banking business. I remember his giving this note to me. It was some time in September, 1890. I had it, with a number of others, in my desk at No. 40 Wall street, New York. I never parted with possession of it. It was stolen from my possession. I never parted with title to it. After the note was stolen from my desk, the next I heard of it was this gentleman, who introduced himself as Mr. Claffy, [the plaintiff,] came to our office, No. 40 Wall street, and asked me about the note, and I served notice upon him that the note was stolen from me, that the parties that indorsed it never received any value for it whatever, and he was not entitled to it. That was after he purchased the note, but before maturity." The defendant had testified that the last he saw of the note was when he handed it to his partner, and he was asked by his counsel this question: "Did it ever pass out of your personal possession later? (Objected to. Objection sustained. Exception.)" This evidence on behalf of defendant certainly put the plaintiff to affirmative proof of the *bona fides* of his holding. The rule as to the shifting of the burden of proof under such circumstances is aptly stated by Judge RAPALLO in *Bank* v. *Green*, 43 N. Y. 300, as follows: "A plaintiff, suing upon a negotiable note or bill, purchased before maturity, is presumed, in the first instance, to be a *bona fide* holder. But when the maker has shown that the note was obtained from him under duress, or that he was defrauded of it, the plaintiff will then be required to show under what circumstances, and for what value, he became the holder. The reason for this rule, given in the later English cases, is that, where there is a fraud, the presumption is that he who is guilty will part with the note for the purpose of enabling some third party to recover upon it, and such presumption operates

against the holder, and it devolves upon him to show that he gave value for it." This rule applies with equal force in favor of a payee who indorsed the note payable to the order of a particular person, as did the defendant in this action; and therefore the plaintiff could not simply rely upon the presumption arising from the production of the note, but was called upon "to show under what circumstances, and for what value, he became the holder," which, however, he failed to do; and hence it was error to direct a verdict in his favor. The judgment is reversed, and a new trial granted, with costs to appellant to abide the event.