## Richmond.

### CLASON v. PARRISH.

#### APRIL 9, 1896.

1. PLEADINGS—*Nil debet*—*Proof of handwriting at common law and in Virginia—Transfers by delivery merely.*—In an action of debt at common law on a negotiable note, the plea of *nil debet* put in issue the execution of the note and all transfers thereof, but by statute in Virginia (section 3279 Code), when the execution and endorsements of the note are averred in the declaration, no proof thereof is required unless the plea putting it in issue be supported by affidavit. The object of the statute is to dispense with the proof of handwriting in certain cases, and it has no application to a transfer of paper by mere delivery. Upon an averment of such transfer by the wife, proof of transfer by the husband, without proof of his agency, is not sufficient, even on a demurrer to the evidence by the defendant, to maintain the issue on the part of the plaintiff tendered by the plea of *nil debet*.

Error to a judgment of the Circuit Court of the city of Richmond, rendered June 15, 1893, in an action of debt, wherein defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

This was an action of debt on three negotiable notes. The notes are substantially alike, and the following is a copy of one of them, and of the endorsements thereon:

$142.43. RICHMOND, VA., Nov. 20th, 1888.

Ninety days after date, I promise to pay to the order of E. E. Taylor & Co. one hundred and forty-two and forty-

three one hundredths dollars for value received, negotiable and payable without offset, at the First National Bank of Richmond, Va., and we, the makers and endorsers of this note, hereby severally waive the benefit of our homestead exemption as to this debt.

No.         Due.                    AUG. CLASON.

Endorsed.   E. E. TAYLOR & Co.
Mrs. T. F. Taylor [cancelled].

The declaration sets out the making of each note, the endorsement thereof to Mrs. T. F. Taylor, and the subsequent dishonor thereof, and then, as to each note, avers that after the dishonor and notice thereof, "the said Mrs. T. F. Taylor sold and transferred to the said plaintiff the said note in writing." The defendant demurred, and pleaded *nil debet.* The demurrer being overruled, and issue taken on the plea, it was agreed that the following was all the evidence given in the cause:

"The plaintiff testified as follows: I acquired three notes for value from Mr. T. F. Taylor, in March, 1892, paid $100 in cash for them, and credited the balance of the purchase money on a debt due me by said Taylor for money I had paid for him on a judgment gotten against me as his surety. The plaintiff held in his hand the notes sued on and showed them to the jury."

Thereupon the defendant demurred to the evidence, and the court gave judgment for the plaintiff on the demurrer to the evidence, and the defendant applied for and obtained a writ of error and *supersedeas.*

*Hill Carter* and *A. K. Leake,* for the plaintiff in error.

*Meredith & Cocke,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

The declaration in this case avers that the defendant made three several negotiable notes and promised thereby to pay the same to E. E. Taylor & Co., or order, and that said E. E. Taylor & Co. did endorse each of said notes to Mrs. T. F. Taylor, before maturity, and that after said notes had been dishonored and notice thereof given to the maker and endorsers, Mrs. T. F. Taylor sold and transferred each of said notes to the plaintiff.

This declaration was demurred to and "*nil debet*" pleaded. The demurrer was overruled, and the plaintiff took issue on the plea. Upon the trial the plaintiff testified that he acquired the three notes sued on, for value, from Mr. T. F. Taylor. This was all the evidence in the case, and the defendant demurred to the plaintiff's evidence, in which demurrer the plaintiff joined, and thereupon the jury found a verdict for the amount of the notes subject to the opinion of the court upon the law. Upon consideration whereof the court was of opinion that the evidence was sufficient in law to maintain the issue joined, and gave judgment in favor of the plaintiff for the amount ascertained by the verdict of the jury. Whether or not there is error in this judgment is the question now to be determined by this court.

At common law, in an action of this kind, every allegation of the declaration, the execution of the notes, as well as all the different assignments of them, are put in issue by the plea of "*nil debet*"—Chitty on Bills (Old Ed.) p. 389; 1 Saunders on Pl. & Ev., p. 615—but under our statute, section 3279 of the Code, there could be no issue as to the execution of these notes, or the endorsement thereof to Mrs. T. F. Taylor, because the making and endorsing to her were alleged in the declaration, and there was no affidavit filed denying the truth of these allegations.

Under the pleading in this case on the issue of "*nil debet,*" the declaration having charged that the defendant in the suit had made the notes sued on, and that E. E. Taylor &

Co. had endosed them over to Mrs. T. F. Taylor, and the plea of the defendant not being supported by affidavit, there was no issue of fact as to the execution of these notes, nor of their endorsement and transfer to Mrs. T. F. Taylor. These facts are admitted by the pleadings.

The only remaining allegation of the declaration is, that after the notes had been dishonored and notice thereof given they were *sold and transferred* by Mrs. T. F. Taylor to the plaintiff.

It is insisted by the plaintiff that section 3279 of the Code applies also to this last allegation. The title of this section is: "When *proof of writing* not required, unless denied by affidavit filed with plea." The effect of the statute is to dispense with the proof of *handwriting* in actions on *writings not under seal*—nothing more. *Phaup* v. *Stratton*, 9 Gratt. 615, 619.

The question of handwriting is not involved in the allegation of the declaration that the notes were sold and transferred by Mrs. T. F. Taylor to the plaintiff, and therefore section 3279 does not apply. This last allegation is put directly in issue by the plea of *"nil debet"* just as it was at common law.

The plaintiff alleges that Mrs. T. F. Taylor sold and transferred the notes to him after maturity. This the defendant, by his plea of *"nil debet,"* denies. On this issue the parties went to trial, and the burden was on the plaintiff to prove the case stated. The only evidence is that of the plaintiff, who held the notes in his hands while he was testifying, the title in and ownership of which had been placed, by the admissions in the pleading, in Mrs. T. F. Taylor, and testified that he acquired the notes from Mr. T. F. Taylor. There was no attempt to show that Mr. Taylor had acquired title to the notes from Mrs. T. F. Taylor, and not a word of evidence offered to establish in any way his right and title to the notes. The issue was whether they had been transferred

by Mrs. Taylor to the plaintiff. They were not endorsed by her; and so far from proving the alleged sale and transfer by her, the plaintiff proved that he got them from another, who is not shown to be the agent of the admitted owner, or to have ever had any authority from the owner to sell and transfer them.

The material fact put in issue was, whether these notes, admitted to be the property of Mrs. Taylor, had been transferred by her or by her authority to the plaintiff. There was a total failure to sustain this issue on the part of the plaintiff, and on the demurrer to the evidence judgment should have been rendered for the defendant.

For the foregoing reasons, the judgment of the Circuit Court must be reversed and set aside, and this court will enter such judgment as the said Circuit Court ought to have rendered.

*Reversed.*