## CAPITOL HILL STATE BANK v. RAWLINS NATIONAL BANK.

(No. 841; Decided November 21st, 1916; 160 Pac. 1171.)

Appeal and Error—Assignments of Error Below—Motion for New Trial—Rules of Court—Negotiable Instruments—Indorsement—Offer of Evidence—Documents—Trial—Issue of Fact—Certificate of Deposit—Proof Required Where Execution or Indorsement Denied—Evidence of Execution or Indorsement—Negotiation—Bills and Notes—Action by Indorsee—Action by Holder—Transfer of Negotiable Instruments—Title of Transferee—Legal Title—Equitable Title—Right to Recover—Statutory Construction—"Holder"—"Bearer"—Certificate of Protest.

1. Under Supreme Court Rule 13 nothing which could have been properly assigned as a ground for a new trial below will be considered on appeal, unless it appears that it was properly presented to the court below by a motion for a new trial, which was overruled, an exception reserved to such ruling at the time.

2. In an action by the indorsee and holder of an unpaid certificate of deposit issued by the defendant bank, execution of the instrument being admitted by the answer, but its indorsement by payee denied, the offer of the certificate in evidence did not include the indorsement which was not essentially a part of the certificate, and in the absence of proof of the indorsement was insufficient to prove the fact of indorsement or to entitle the indorsement to be admitted in evidence.

3. In an action by the indorsee against the maker of an unpaid bank certificate of deposit, the statement of a witness that it had been "negotiated with plaintiff bank," in view of the meaning of the word "negotiated" under Compiled Statutes, 1910, Section 3188, to include indorsement as well as delivery of an instrument payable to order, was the statement of a legal conclusion and insufficient evidence of the facts of the transaction. Such answer standing . alone might indicate that the instrument was transferred to plaintiff by some one, but would not imply· a transfer by the payee, or that payee had indorsed or authorized the indorsement or transfer, and as plaintiff had an opportunity to show the facts by direct evidence at the trial, the judgment should not be disturbed upon the ground of a mere possible inference.

4. Where the execution of a certificate of deposit was admitted by the issuing bank, the mere fact of possession shown by the production of the certificate at the trial and its introduction in evidence was not sufficient prima facie to entitle the plaintiff to recover, without proof of the indorsement necessary to plaintiff's title, in view of the denial of the alleged indorsement and delivery by the payee, as well as alleged ownership of the plaintiff.

5. The mere possession by one, other than the payee of a certificate of deposit payable to order and apparently indorsed by the payee in blank or otherwise, is insufficient evidence of the title in an action by the person in possession of the instrument against the maker, where the fact of indorsement is denied and made an issue by the pleadings. (Compiled Statutes, 1910, Sections 3217, 3349 and 3188 construed.)

6. A negotiable instrument payable to order may be transferred by the payee or holder without indorsement, though in such case the transferee, takes only the title and right of his transferor, and does not become a holder in due course, but has only the equitable instead of the legal title, which principle is recognized by the Negotiable Instruments Law. (Compiled Statutes, 1910, Section 3207.)

Error to District Court, Carbon County; Hon. V. J. Tidball, Judge.

Action by the Capitol Hill State Bank against the Rawlins National Bank of Rawlins to recover upon a certificate of deposit issued to another. Judgment for defendant

and plaintiff brings error.   The facts are stated in the opinion.

*E. E. Sarchet* and *George E. Brimmer,* for plaintiff in error.

The plaintiff proved that the certificate was negotiated to-wit: before maturity for its face value less a bank discount and that the certificate was protested for non-payment; the plaintiff made out a prima facie case.   (5 Am. & Eng. Ency. of Law 805;   Parsons on Bills and Notes, pg. 26; Bolles Modern Law of Banking, and cases there cited.)   A certificate of deposit is negotiable.   (3 R. C. L. 846;   Kirkwood v. The First National Bank, 40 Neb. 484, 42 Am. Rep. 683;   Smilie v. Stevens, 39 Vt. 315;   Cassidy v. Bank, 30 Minn. 87;   3 R. C. L. 847;   5 Am. & Eng. Ency. 805;   Miller v. Austin, 54 U. S. 217;   Kilgore v. Buckley, 14 Conn. 363.)   Possession of the instrument was prima facie evidence that the holder was the owner;   the presumption in favor of the holder's title throws the burden of proving defects of title upon the party attacking the title.   Plaintiff testified that the instrument had been negotiated to it, thus establishing a prima facie case.   (4 Ency. of Law, 318, 320; 3 R. C. L. 980;   Joyce Defenses to Commercial Paper, Section 96, Page 118;   Gumaer, et al., v. Sowers, 31 Colo. 164; Collins v. Gilbert, 94 U. S. 753;   Dawson v. Woodhull, 67 Fed. 451;   Michigan Ins. Co. v. Klatt, 90 N. W. 754;   New Haven Mfg. Co. v. New Haven Board Co., 55 Atl. 604; Section 3217, Comp. Stats. 1910.)   Even if the indorsement be not in evidence, production of the instrument at the trial is prima facie evidence of ownership and entitles the holder to recover.   (Gumaer, et al., v. Sowers, supra; Jackson v. Love, 82 No. Car. 405;   Carnahan v. Lloyd, 4 Kans. App. 605, 46 Pac. 323;   Bank v. Moore, 137 Fed. 505;   Martin v. Martin, 51 N. E. 691;   Garner v. Cook, 30 Ind. 331;   Ruby v. Culbertson, 35 Ia. 264;   Harriman v. Hill, 14 Me. 127;   Netterville v. Stevens, 2 How. 642;   Ryan v. West, 63 Neb. 894;   Greeley State Bank v. Line, 50 Neb. 434;   Sanford v. Lichenberger, 62 Neb. 501;   Robert-

son v. Dunn, 87 No. Car. 191; Triplet v. Foster, 115 No. Car. 335; Bell v. Moon, 79 Va. 341; Section 3207 Comp. Stats. 1910.) The presumption is that the plaintiff was the holder in due course. (Section 3174, Comp. Stats. 1910.) An instrument indorsed in blank becomes payable to bearer and the holder in order to make a prima facie case need only produce the instrument at the trial and introduce it in evidence. (3 R. C. L., Sections 179 and 196.) The court erred in refusing to strike portions of the second defense. (Eaton & Gilbert on Commercial Paper, page 385.) Defendant did not plead even a breach of the agreement or knowledge of the endorsee on the part of plaintiff when it took the certificate. (Davy v. Kelly, 66 Wis. 452, 29 N. W. 232; Rice v. Ragland, 1 Hump. 545 (Tenn.), 53 Am. Dec. 737; Smith v. Moberly, 10 Ky. 543, 52 Am. Dec. 533; McIntosh H. Co. v. Rice, 13 C. A. 393; Wells v. The Colo. Mutual Life Assurance Co., 49 Colo. 508.) The court erred in not receiving certain evidence offered by plaintiff, as to the holder of the instrument; the answer admits that the certificate was turned over to Paul Fayn, who indorsed it and delivered it to plaintiff. His authority to indorse must be presumed. (Thompson on Corporations, Vol. 2, Sec. 1428.) It is unnecessary to disprove an affirmative defense in order to establish a prima facie case. (3 R. C. L., Sec. 208, p. 998.)

*N. R. Greenfield,* for defendant in error.

The only questions that can be considered are such as were presented in the motion for a new trial. Mere possession of a negotiable instrument does not prove title where title is in issue; a confused definition of "holder" is contended for. Defendant was not required to offer evidence, as plaintiff failed to make a prima facie case. Inconsistent defenses are permissible. (Section 4390, Comp. Stats. 1910.) Neither defense can be construed as a waiver of the other, nor as an admission to destroy the other. (31 Cyc. 211; 8 Cyc. 153; 1 Ency. Pl. & Prac. 853; 31 Cyc. 149; Lake Shore & M. R. Co. v. Warren, 3 Wyo. 136, 6. Pac. 724;

Stebbins v. Lardner, 2 S. D. 140, 48 N. W. 847; Mayers v. Merillion, 118 Cal. 352, 50 Pac. 662; Ray v. Moore, 56 N. E. 937 (Ind.); O'Rourke v. O'Rourke, 144 Pac. 890 (Colo.) Plaintiff did not prove an indorsement of the certificate. Testimony of plaintiff that the certificate was negotiated was a mere legal conclusion. Section 3189, Comp. Stats. 1910, defining negotiation, contemplates the occurrence of facts showing a transaction amounting to a negotiation; the written indorsement did not prove itself; the admission of the certificate did not prove the indorsement; the indorsement was denied, placing the burden upon plaintiff to establish its title. (Stair v. Richardson, 108 Ind. 429, 9 N. E. 300; Johnson v. English, 74 N. W. 47 (Neb.); Doty v. Braska, 126 N. W. 1108; Lumber Co. v. Surety Co., 80 S. W. 238; Nakagawa v. Okamoto, 130 Pac. 707, 709 (Cal.); Calloway v. Mining Co., 89 Pac. 1070 (Cal.); Bovard v. Dickenson, 131 Cal. 162, 63 Pac. 162; Walker v. Land & T. Co., 59 Kan. 777, 53 Pac. 476; Payne v. Liebee, 91 N. W. 851 (Neb.); Shonkwiler v. Dunivan, 27 N. E. 991 (Ind.); Tolle v. Alley, 24 S. W. 113 (Ky.); Vickery v. Burton, 6 N. D. 245, 69 N. W. 193.) The indorsement or assignment upon an instrument to which it refers is no part of the original instrument, but is a separate and distinct instrument and its execution must be duly proved, if denied. (14 Ency. of Evi. 736; 17 Cyc. 425-427, note 83; Hugumin v. Hinds, 71 S. W. 749, 97 Mo. App. 346; Terrell v. Morgan, 7 Minn. 368, 82 Am. Dec. 101; Johnson v. English, 53 Neb. 530, 74 N. W. 47; Schroeder v. Neilson, 39 Neb. 335, 57 N. W. 993; Mayer v. McRimmon, 53 S. E. 447, 111 Am. St. Rep. 879; Jones v. Wheeler, 23 Okla. 771, 101 Pac. 1112; Ayre v. Hixon, 53 Ore. 19, 98 Pac. 515, Ann. Cas. 1913E, 659; Witt v. Segar Co., 66 Ore. 144, 134 Pac. 316; Rio Grande Ex. Co. v. Colby, 7 Colo. App. 481, 3 Pac. 481.) It was incumbent upon plaintiff to show the power and authority of the repudiated agent who made the assignment. (8 Cyc. 218; 14 Ency. Pl. & Pr. 615; 31 Cyc. 1381; 10 Cyc. 929; 7 Cyc. 784; 10 Ency. of

Evi. 7; Rio Grande Ex. Co. v. Colby, 7 Colo. 299, 3 Pac. 481; .Hamilton Nat. Bk. v. Nye, 77 N. E. 295.) The discussion of instruments payable to order and indorsed in blank is immaterial for the reason that there was no evidence of indorsement in blank, or otherwise. The possession of unindorsed negotiable paper payable to order is no evidence of title in the possessor. (8 Cyc. 231; Shepard v. Hanson, 9 N. D. 249, 83 N. W. 20; Wade v. Boone, 168 S. W. 360; Witt v. Segar Co., 66 Ore. 144, 134 Pac. 316; Sloan v. Gilmore, 167 S. W. 1089 (Tex.) ; Bank v. Bank, 59 So. 348 (Ala.) ; Shonkwiler v. Dunivan, 1 Ind. App. 505, 27 N. E. 991; Escamilla v. Phngree, 141 Pac. 103 (Utah.) ; 4 Am. & Eng. Ency. of Law (2nd Ed.) 319; Daniel Neg. Instr. No. 812; Randolph Com. Paper, 792; Baker v. Warner, et al., 16 S. D. 292, 92 N. W. 393; Turner v. Mitchell, 61 S. W. 468, 22 Ky. L. R. 1784.) Under Sections 3188, 3189 and 3349, Comp. Stats. 1910, a stranger to a negotiable instrument can only become a holder by indorsement of the instrument or upon a paper attached to the instrument.

*E. E. Sarchet* and *George E. Brimmer,* in reply.

A careful review of the cases relied on by counsel for defendant in support of his proposition that it was unnecessary to offer evidence to overcome the presumption of title existing in favor of the plaintiff will show them to be clearly distinguishable in principle from the matters involved in this action, especially after a careful analysis of the facts involved in each of said cases. It is true that an indorsement or assignment upon an instrument is no part of the original instrument, but counsel overlooks the settled law of presumptions in favor of the holders of the negotiable paper. It is held in the 14th Ency. of Evi. 736, that the slightest proof of indorsement is sufficient and defendant does not deny the point we contend for. The text is supported by Isbell v. Brinkman, 70 Ind. 118, which supports our position. Mayer v. McRimmon, 53 S. E. 447, 111 Am. St. Rep. 879, is not in point. Jones v.

Wheeler, 23 Okla. 771, 101 Pac. 1112, cited by counsel, we believe fully supports our position. As to the necessity of proof of agent's authority, defendant's counsel also cites authority, but overlooks the statutory presumptions that establish a prima facie case. (Daniel on Neg. Instr., Section 1201; 8 Cyc. 156, 157.) The authority of the agent was not put in issue by the general denial. Defendant's answer admitted that defendant bank delivered the certificate to Paul Fayn. They are estopped to deny the authority of Fayn to negotiate the certificate. (City Bank v. Perkins, 29 N. Y. 566.) Gumaer v. Sowers, 31 Colo. 164, is at variance with the weight of authority, and is not an authority in Wyoming, where a different rule is fixed by statute.

Potter, Chief Justice.

This is an action brought by the plaintiff in error, Capitol Hill State Bank, against The Rawlins National Bank of Rawlins, the defendant in error, upon a certificate of deposit issued by the defendant to the Western States Fire Insurance Company. The petition alleges that the Western States Fire Insurance Company, the payee named and intended to be named in said certificate, assigned and delivered the same before maturity to the plaintiff for a valuable consideration, and that the plaintiff is the owner and holder thereof; that no part of the certificate has been paid; that plaintiff presented it for payment at maturity, indorsed on the back by the payee in its name and by the plaintiff in its name, to the defendant, the maker thereof, and payment was demanded; that it was not paid and the same was thereupon duly protested for non-payment, of which due notice was given to the defendant; and that there is due the plaintiff thereon the sum of $500, the principal, with interest at the rate stated in the certificate from the date thereof to its maturity and with interest at the rate of eight per cent thereafter upon the principal and accrued interest. The date of the certificate is August 23, 1912, and it certifies that the payee therein named has deposited with the

issuing bank the sum aforesaid ($500) payable to the payee's order in current funds twelve months after date with interest to maturity only at the rate of 5 per cent per annum upon the return of the certificate, properly indorsed. A copy of the certificate is set out in the petition, but without the indorsements.

The answer sets up three separate defenses. By the first defense the alleged corporate character of the plaintiff and defendant respectively is admitted; also the execution of the certificate of deposit by the defendant, that the copy set out in the petition is a true copy thereof, and that the Western States Fire Insurance Co. was the payee named and intended to be named in the certificate. Each and every other allegation of the petition is denied. By the second defense it is alleged in substance that the money for which the certificate was issued was deposited with the defendant bank by a subscriber to the stock of a proposed fire insurance company, on the representation of one Paul Fayn that he was engaged in organizing such company and in soliciting subscribers for the stock thereof, and upon his agreement that one-half of the par value of the stock subscribed for might be deposited in the local bank in the name of the Western States Fire Insurance Company, and remain in such bank for one year, unless the organization of the company was sooner perfected and a license to write fire insurance in Wyoming was granted, and to be repaid to the depositing subscriber if such organization was not perfected and a license to write fire insurance in this state granted within one year; that upon such representation and agreement the defendant issued said certificate of deposit and delivered it to said Paul Fayn; that the defendant had since learned that within a day or two after issuing the certificate the said Paul Fayn, with intent to deceive and defraud, indorsed the certificate by writing the name of the payee on the back thereof by himself as vice president, and delivered the same to the plaintiff, and thereupon appropriated to his own use the money received thereon and ab-

sconded and has never accounted to said insurance company for any part thereof. That at the time of such indorsement he was not, and never has been, the vice president of said company; that he had no authority to make such indorsement, and that the certificate was not indorsed by the company, but that its name written on the back of the certificate is a forgery. That said Fayn had no authority to assign or deliver the certificate to the plaintiff and that the plaintiff obtained no title thereto by said indorsement or by any pretended assignment by said Fayn, or in any other manner, and that plaintiff is not, and never has been, the owner thereof.

The motion to strike the third defense was sustained, and a reply was filed to the second defense alleging in substance that the plaintiff was without knowledge as to the facts alleged respecting the representation and alleged agreement of Paul Fayn, the soliciting of subscriptions to the stock of a proposed fire insurance company, the payment by such subscribers into a local bank of part of the par value of the stock subscribed for, or the deposit for which the certificate was issued, and therefore denying the same. The reply alleges that the certificate was indorsed and delivered to the plaintiff by the Western States Fire Insurance Company, by Paul Fayn as the vice president of said company, and that the company was thereupon credited with the amount of the certificate, and the money so deposited to its credit was thereafter checked out by the company and appropriated to its own use. The reply also alleges that the plaintiff is the bona fide holder of the certificate for value; that the plaintiff had no knowledge at the time it accepted the same of any equities in favor of the defendant, or any other person; and that the plaintiff obtained bona fide title to the certificate through the indorsement aforesaid by the company acting through said Paul Fayn.

Upon these issues the cause was tried to the court without a jury. No evidence having been introduced by the defend-

ant, the alleged equitable defense is not in the case as it comes to this court; but the answer and reply concerning it have been referred to because they show the situation in which the parties entered upon the trial, and this may tend to illustrate the points to be considered. The only witness examined on the trial was Roy P. Gholson, the president since its organiation of the plaintiff bank. After he had stated his residence and official connection with the plaintiff he was handed a paper described in the question as "plaintiff's exhibit one," and asked to state what it was. His answer and the remainder of his testimony was as follows:

A. Certificate of deposit; five hundred dollars; Rawlins National Bank to Western States Fire Insurance Company, with notice of protest and non-payment attached. Q. Is that the certificate of deposit in question? A. It is. Q. Was that certificate of deposit negotiated with the plaintiff bank? A. It was. Q. On what date? A. About August 26, 1912. Q. Plaintiff bank the present holder? A. It is. (Counsel for defendant here objected to the question and moved to strike out the answer, stating: "That is one of the material issues in the case. We object to the question as calling for a conclusion of the witness. That is one of the questions for the court to decide." The court ruled on the matter by saying: "It may be stricken out." The plaintiff took an exception.) Q. Has the plaintiff corporation received any payment of this paper, Mr. Gholson? A. It has not. Q. What is the amount now due on this certificate of deposit? A. $528.60 was the amount of the certificate, with interest and protest fees. Q. That is, that includes interest and protest fees? A. Yes; up to the time it was presented and payment refused. Q. That was the amount due on the date of presentation? A. Yes; August 23, 1913. (Plaintiff's counsel here offered "plaintiff's exhibit 1 in evidence." Defendant's counsel objected as follows: "We object to the introduction of the form of protest attached to the certificate, for the reason that it is not an issue in this case. There are no pleadings here as to the protest

fees; and, of course, the execution of the certificate is admitted. I will admit that the certificate of deposit was presented for payment on August 23, 1913; and the execution of the certificate is admitted in the pleadings." The court: "It may be admitted for that purpose—of showing presentment for payment.") Q. Mr. Gholson, what consideration did the plaintiff bank pay for this paper? (An objection to the question as immaterial overruled.) A. Paid $500, less five per cent discount, making the paper draw ten per cent for the year. It carried five per cent interest; and then we discounted five per cent more.

There was no cross-examination, and no further testimony was introduced or offered by either party. On the back of the certificate of deposit is stamped, as if by a rubber stamp, the name "The Western States Fire Insurance Co.," and immediately underneath that name appears the written signature, "Paul Fayn, V. Pres't."

The court found generally for the defendant and against the plaintiff, and judgment was rendered in defendant's favor for costs. A motion for new trial was filed and overruled, and the plaintiff has brought the case here on error. The grounds stated in the motion for new trial were in substance: 1. That the decision is against the weight of the evidence and contrary to law. 2. That the court erred in finding for the defendant. 3. That the findings, decision and judgment were in defendant's favor and against the plaintiff. 4. That the decision is not sustained by sufficient evidence. The overruling of the motion for new trial is assigned as error in this court, and also substantially as in the motion that the decision is against the weight of the evidence, contrary to law, and not sustained by sufficient evidence. Rulings of the court upon plaintiff's motion to strike out parts of the second defense in the answer, and rejecting evidence offered by the plaintiff are also here assigned as error.

Under our rule 13 the alleged error in denying plaintiff's motion to strike portions of the answer and in rejecting

evidence offered by the plaintiff cannot be considered. Those matters were not assigned as grounds for new trial in the court below, and the rule aforesaid provides that nothing which could have been properly assigned as a ground for new trial in the court below will be considered in this court, unless it shall appear that the same was properly presented to the court below by a motion for a new trial, and that such motion was overruled and an exception at the time reserved to such ruling.

Although the certificate of deposit appears to be indorsed as above stated there was no specific proof of the indorsement, and we understand that to have been the reason for the finding and judgment in defendant's favor, and perhaps also the failure to otherwise prove a transfer by the payee. Indeed the principal contention here of counsel for defendant in error is that it was necessary for the plaintiff, to entitle it to recover, to prove the genuineness of the indorsement and the authority of Paul Fayn to indorse the name of the payee upon the instrument, if it be shown that he did so indorse it; and that the offer and introduction in evidence of the certificate, with its execution admitted did not carry with it the indorsement. On the other hand, it is contended by counsel for plaintiff in error that the plaintiff held the certificate as a negotiable instrument clothed with the presumption that it was negotiated for value in the usual course of business at the time of its execution and without notice of any equities between the prior parties to the indorsement; and that possession of the certificate was prima facie evidence of ownership and lawful possession, so that the plaintiff was required to do nothing in opening its case except to prove the execution of the instrument and introduce it in evidence; and further, that all of the certificate, including the indorsement, was received in evidence when plaintiff's exhibit one was offered and received without objection except as to the protest notice; but that if the indorsement is not in the evidence, the plaintiff would be entitled to recover for the reason that the mere production on

the trial of an unindorsed negotiable instrument payable
to order is prima facie evidence of ownership, and entitles
the holder to recover in the absence of evidence rebutting
such presumption.   Said counsel also contend that indorse-
ment by the payee is shown by the testimony of the witness,
Gholson, that the certificate was negotiated with the plain-
tiff bank.

The questions thus presented will be considered in what
we deem their proper order, and, first, whether the indorse-
ment was offered and received in evidence without objec-
tion, so as to obviate the necessity of proving it, assuming
for the present that if so offered and received such proof
would be unnecessary but otherwise would have been re-
quired.   We think the record fails to show that the indorse-
ment was either received or offered in evidence.   It was not
referred to by the witness when asked to describe the pro-
posed exhibit nor by counsel when offering the same in evi-
dence, and there is no mention of it anywhere in the evi-
dence.   The first reference to the exhibit aforesaid or the
certificate was by this question propounded by plaintiff's
counsel to the only witness examined: "I hand you plain-
tiff's exhibit one (handing paper to witness).   You may
state what that is?"   The witness thereupon described it, as
above shown by stating that it was a certificate of deposit
for five hundred dollars, Rawlins National Bank to Western
States Fire Insurance Company, with notice of protest and
non-payment attached.   Without any further description of
it "plaintiff's exhibit 1" was offered in evidence.   The notice
of protest having been referred to as part of the exhibit an
objection was interposed to it as immaterial under the is-
sues, and it was admitted for the purpose of showing pre-
sentment for payment.   But as the indorsement had not been
mentioned as part of such exhibit in identifying it or in the
offer and no proof had been made of the indorsement though
denied by the answer, defendant's counsel might rightfully
assume, and we think it must be understood that he did, that
the offer did not include the indorsement.   The indorsement

is not so essentially a part of the certificate that it would necessarily be included in an offer of the certificate in evidence, where proof of the indorsement is required. (Witt v. Campbell-Lakin Segar Co., 66 Oreg. 144, 134 Pac. 316; Johnson v. English, 53 Neb. 530, 74 N. W. 47; Levy v. Cunningham, 56 Neb. 348, 76 N. W. 882; Comstock v. Kerwin, 57 Neb. 1, 77 N. W. 387; Stroud v. Harrington, 23 Fed. Cas. No. 13546a; Wallace v. Reed, 70 Ind. 263.)

It is clear that in a suit against the maker of such an instrument or of a promissory note by one claiming to hold it by or under an indorsement, where the execution of the instrument and the indorsement are both denied, or the indorsement merely, so as to require proof in the one case of both execution and indorsement and in the other of the indorsement, proof of the execution alone would not prove the indorsement or be sufficient to entitle the indorsement to be admitted in evidence. And we do not suppose it would be contended that the instrument, whether a promissory note, bill of exchange or certificate of deposit would be inadmissable in evidence without or separate from the indorsement. Yet the effect of a rule that the offer and admission merely of the instrument in evidence upon proof of its execution, or without such proof where execution is admitted or not denied, carries with it or includes the denied indorsement of the payee, would be to dispense with proof of such indorsement and thus nullify the rule requiring it, or cause the exclusion of the instrument itself upon a valid objection to the indorsement. Since the indorsement appearing on the back of the certificate was not identified as part of it or as part of the exhibit or referred to in the offer, the defendant ought not to be held subject to the consequences of a failure to object to evidence offered and admitted.

But, as above stated, it is contended that though the indorsement may not have been received in evidence under the offer aforesaid, the certificate is shown to have been indorsed by the payee and delivered by it to the plaintiff by the testimony of the witness Gholson that it was "negotiated

with the plaintiff bank." This contention is based upon the technical meaning of the word "negotiated" in the law of negotiable instruments, which includes indorsement as well as delivery of an instrument payable to order. (Comp. Stat. 1910, Sec. 3188.) So far as the use of the word in the question propounded to and answered in the affirmative by the witness may have implied a legally proper and completed transfer, it involved a legal conclusion, and without any showing of the facts of the transaction. Certainly it was not the best or the proper method of proving the indorsement; nor would the affirmative answer aforesaid be conclusive if the facts were in evidence; and we seriously doubt whether, standing alone, it could properly be held sufficient to require a verdict or finding that the instrument had been either indorsed or delivered by the payee, even if the word was used in the question so propounded and answered in the sense above indicated. However, aside from the fact that the word has other ordinary meanings, and may be employed to denote something different and less than its technical definition in the law relating to the transfer of negotiable instruments, as well as the obvious difficulty in determining what the witness understood the question to mean, if not what counsel intended by it, the question and the answer thereto might reasonably be construed to mean nothing more than that the certificate was transferred to the plaintiff by some one; and this would not necessarily imply that such transfer was by the payee, or that the payee had indorsed or authorized the indorsement or transfer. We think a witness might answer such a question in the affirmative with reference to an instrument payable to order but transferred merely by delivery by some third person, honestly believing it to be true because of an incorrect understanding of the law, or, if appearing to have been indorsed by the payee, believing that it was so indorsed. There is nothing in this case to show that the witness based his answer even partly upon the indorsement, for his attention was not directed to it and it was not mentioned in the testi-

mony.  If we might properly assume that he knew what was
necessary to the transfer of the title to a negotiable instru-
ment payable to order, we are not satisfied that it ought also
to be assumed that he was acquainted with the technical
or statutory definition of the word "negotiated." If the con-
tention as to this testimony was made in the trial court, that
court evidently refused to accept it as proof of an indorse-
ment by the payee or a transfer and delivery by the latter
to the plaintiff or to infer from it the fact of such indorse-
ment or transfer.  It is in any event a mere conclusion, ex-
cept as it may tend to show a transfer to plaintiff by some-
one not necessarily the payee; and as what was intended
and understood by it is at least involved in much doubt, and
it was within the power of plaintiff to show expressly or by
direct evidence from whom and under what circumstances
it received the certificate, we think the judgment ought not
to be disturbed upon the ground of a merely possible in-
ference or implication of the payee's endorsement or trans-
fer from the testimony aforesaid.  (Vickery v. Burton, 6
N. Dak. 245, 69 N. W. 193; St. Johns Table Co. v. Brown,
126 Mich. 592, 85 N. W. 1124.)

In Vickery v. Burton, supra, the name of the payee ap-
peared on the back of the notes sued on, and the payee and
another witness testified about a certain transaction and that
thereafter the plaintiff was the lawful owner and holder of
the notes, but without stating that the payee had indorsed
or assigned the notes or referring at all to an indorsement
or assignment.  The court, in mentioning such testimony
said, that there seemed to be a studied effort to avoid the
crucial matter of the actual indorsement of the notes, and
that the plaintiff had failed to show the essential fact of the
indorsement by the payee; and it was held that the trial
court erred in granting a motion for a directed verdict in
plaintiff's favor.

This brings us to the main question in the case, viz:
Whether the possession of the certificate entitled the plain-
tiff to recover without proving an indorsement or at least a

transfer by the payee, or, in other words, whether, the execution of the certificate having been admitted by the pleadings, the mere fact of possession as shown by the production of the certificate on the trial and its introduction in evidence was sufficient prima facie to entitle the plaintiff to recover, in view of the denial by the answer of the alleged indorsement and delivery by the payee as well as the alleged ownership of the plaintiff.

Counsel for plaintiff base their contention that the mere fact of such possession was sufficient to entitle the plaintiff to recover, first, upon the principle that posession of a negotiable instrument payable to the bearer, or indorsed in blank, is prima facie evidence of title. But that well settled rule does not reach the question of the necessity of proving the indorsement. On the contrary, it assumes that the instrument has in fact been indorsed in blank by the payee or special indorsee, and does not refer to an instrument merely appearing to have been so indorsed. Where the genuineness of the indorsement is not legally challenged or is established by proof then the rule applies, and for the reason that, like an instrument made payable to bearer on its face, one payable to order may be negotiated by mere delivery when indorsed in blank by the payee. Hence the presumption of ownership from the mere fact of the possession of such an instrument.

This is illustrated by some of the cases cited and quoted from in counsels' brief. Among them is the case of Dawson Town & Gas Co. v. Woodhull, 67 Fed. 451, 14 C. C. A. 464, wherein Circuit Judge Thayer, in the opinion of the court, said: "The legal presumption of ownership which exists in favor of one who is ostensibly in posession of negotiable notes indorsed in blank by the payee, as these notes were, and who brings a suit thereon, is not overcome by a mere denial of the fact of ownership contained in the answer. When these notes were offered, they were in the hands of the plaintiff's attorneys. The legal presumption was that they had received them from the hands of their client,

and that they were client's property. There was no occasion, therefore, for offering testimony to confirm the presumption before the notes were admitted in evidence." The court was there clearly referring to the presumption of ownership in favor of one in possession of a negotiable note shown to have been actually indorsed in blank by the payee —not merely appearing to have been so indorsed, for the fact of such indorsement is stated in that part of the opinion above quoted, and in stating the facts of the case the learned judge said that the notes sued on were executed by the defendant in favor of J. T. Hoile, as payee, "and were subsequently indorsed by him to said Woodhull." Counsel quote from the opinion in the case of Collins v. Gilbert, 94 U. S. 753, 24 L. Ed. 170, the statement, among others, that possession of a negotiable instrument payable to bearer, or indorsed in blank, is prima facie evidence that the holder is the proper holder and lawful possessor of the same, and that actual possession of such an instrument payable to bearer or indorsed in blank is plenary evidence of title in the holder until other evidence is produced to control it. But it was also stated in the opinion in that case that "the record shows that the draft was accepted by the defendant and was duly indorsed by the payee," and that "due delivery of the executed draft of the contractor indorsed in blank is admitted." Thus the court had in mind an instrument shown to have been in fact endorsed by the payee. Indeed it was further said, after stating that possession of an instrument payable to bearer, or indorsed in blank, is prima facie evidence that the holder is the lawful holder and possessor of the same, that in a suit in the name of the transferee, the former has nothing to do in the opening of his case "except to prove the signatures to the instrument, and introduce the same in evidence."

In this connection, also, counsel cite and quote from the Connecticut case of New Haven Mfg. Co. v. New Haven Pulp & Board Co., 76 Conn. 126, 55 Atl. 604. The question in that case was whether the trial court had found the note

to have been indorsed by the payee, and whether the evidence was sufficient to show such indorsement. The note appeared to have been indorsed in the name of the payee, a corporation, by "one Tutton in its behalf." The evidence in the case went beyond the mere production of the note on the trial, and among other things it was shown that Mr. Tutton, while negotiating with the plaintiff in behalf of the payee for the purchase of certain machinery, left the note with the plaintiff to be credited to the payee, and that it was so credited. That case does not hold that the mere fact of possession of a note appearing to have been indorsed in blank is sufficient without proof of the indorsement.

Counsel also rely upon the case of Gumaer v. Sowers, 31 Colo. 164, 71 Pac. 1103. But that case cannot be regarded as authority in support of the contention since explained in the more recent Colorado case of Marks v. Munson, 59 Colo. 440, 149 Pac. 440. It was held by a majority of the court in the latter case that the mere fact of possession was not sufficient without proof of the indorsement, and the case of Gumaer v. Sowers was referred to as follows: "There the objection to the introduction of a note without proof of the signatures was not made in apt time, so as to make the ruling on its admission reviewable in this court. The judgment was properly affirmed, but in the opinion there are some statements which support the position of the defendant in error in this case. They were, however, not necessary to the decision, were due to evident misapprehension of the authorities, as in the case above discussed (Pendleton v. Smissaert, 1 Colo. App. 508, 29 Pac. 521), and should be regarded as dicta merely."

In Daniel on Negotiable Instruments, Sec. 812, it is said: "The mere possession of a negotiable instrument, produced in evidence by the indorsee, or by the assignee where no indorsement is necessary, imports prima facie * * * * that he is the owner thereof, entitled to recover the full amount against all prior parties. In other words, the production of the instrument and *proof that it is genuine*

(where indeed such proof is necessary), prima facie establishes his case, and he may there rest it." Thus the author seems to exclude from such presumption the genuineness of the instrument, if put in issue, which we think was intended to embrace the signature of an indorser necessary to negotiation as well as that of maker or acceptor. And in the succeeding section (813) it is said that it "is not competent for the defendant to deny that the plaintiff is the owner and holder of a note upon which he brings suit as such, without traversing the signature, the indorsement, or the delivery of the note," clearly recognizing, it seems to us, the right to deny the indorsement and the resulting necessity of proving it to make out a prima facie case. Should the indorsement, if in blank, be proved the presumption of ownership would then, of course, apply.

The same learned author stated the rule as to the presumption from possession in Section 1200, by quoting from Whiteford v. Burckmeyer, 1 Gill. 127, 39 Am. Dec. 640, as follows: "A bill payable to bearer, or a bill payable to order and indorsed in blank, will pass by delivery, and bare possession is prima facie evidence of title; and for that reason possession of such a bill would entitle the holder to sue," citing only Crosthwait v. Misener, 13 Bush. (Ky.) 543, and Wells v. Schoonover, 9 Heisk. 805, in addition to the Maryland case aforesaid. The Maryland case was against the indorser, and it shows that the plaintiff proved the hand-writing of both drawer and indorser. The Tennessee case shows the fact of indorsement by the payee of the notes sued on, and that it was not denied that the legal title to the notes passed by the indorsement of the payee to the plaintiff. And in the Kentucky case the court merely said: "Possession of a note is prima facie evidence of ownership, and appellee exhibits the note and claims it as his; that claim and possession will be respected till his title to the note is denied by the pleadings of his adversary." It does not appear, therefore, that the author was stating a rule dispensing with proof of the indorsement, but rather a rule of evi-

dence where the indorsement is not denied or, if denied, is established by proof. In the sixth edition of the same work by T. H. .Calvert a paragraph is added to Section 1200 stating that possession of the note or bill is prima facie evidence that the same was indorsed by the person by whom it purports to be indorsed, citing only certain Minnesota cases, viz: Bank v. Mallan, 37 Minn. 404, 34 N. W. 901; Tarbox v. Gorman, 31 Minn. 62, 16 N. W. 466; and Bank v. Loyhed, 28 Minn. 396, 10 N. W. 421. But the cases so cited were each based upon a statute so providing, viz: that in actions on promissory notes or bills of exchange by the indorsee, the possession of the note or bill is prima facie evidence that the same was indorsed by the person by whom it purports to be indorsed.

The Supreme Court of Colorado, by Teller, J., considering the rule aforesaid and the cases cited to sustain the contention that under it proof of the payee's indorsement of an instrument is not required, say in the recent case of Marks v. Munson, supra: "The language of these cases, when applied to the facts thereof, clearly means only that an instrument in fact executed as a note, bearing a genuine indorsement, when offered in evidence by an indorsee, if indorsed in blank, makes a prima facie case of ownership." And, further: "There is no presumption that the names on the note were written by or under the authority of the persons whose signatures they purport to be." So it was held that in a suit against the maker of a note by one claiming as an indorsee, when the execution and indorsement are put in issue by the answer, such note is not admissible in evidence without proof of the signatures.

The rule that a presumption of title arises from the fact of possession of a note payable to order and indorsed in blank is found stated in Randolph on Commercial Paper. (2nd Ed., Sec. 776.) Yet in a preceding section (774) it is said that an indorsee in an action against maker or acceptor must prove the indorsements under which he holds, and that where the indorsement is made by an agent, both his

signature and authority must be proved. Evidently the former rule as stated was not supposed to be inconsistent with the latter. The rule as to presumption from possession, at least where the indorsement of an instrument to order is denied, we find stated consistently with the rule as to proving the indorsement in James v. Chalmers, 6 N. Y. (2 Seld.) 209, 214. There the court said that the long established and well settled rule was, that where a plaintiff introduces and proves a negotiable promissory note, payable to a third person or bearer, or if to the order of such person by proving his indorsement thereof, the plaintiff is prima facie not only to be deemed the lawful owner of the note, but that it came to him in the regular course of business before maturity. In way v. Richardson, 6 Gray 412, 63 Am. Dec. 760, an action against the maker on a note indorsed in blank, Shaw, Chief Justice, said: "The genuineness of the signature and indorsements was admitted. This, with the production of the note, was prima facie evidence of title, and good, unless rebutted." And we think it clear that the rule as generally stated means as to an instrument indorsed in blank one actually so indorsed by the payee, or the special indorsee, as the case may be.

We are not now considering the manner of proving an indorsement, or what would be sufficient evidence thereof aside from the fact of possession, but the necessity for such proof. Although there are some decisions apparently to the contrary, we believe it to be well settled by the great weight of authority that an indorsement necessary to the title of one bringing suit upon a negotiable instrument must be proved to authorize the presumption of ownership from the fact of possession, when the indorsement is put in issue by the pleadings, and in the absence of a statute providing otherwise. (Story on Bills (Bennett's Ed.), Sec. 262; Edwards on Bills & Notes, 683; 2 Greenleaf on Ev. (Redfield's Ed.), Secs. 163-168; Byles on Bills, 425; 3 Phillips on Ev. (Cowen & Hill's notes) 189; Abbott's Proof of Facts, 3rd Ed., 775; Smith v. Chester, 1 Term Rep. 654; Robinson v.

Yarrow, 7 Taunt. 456; Beeman v. Duck, 11 M. & W. 251; Jacobs v. Tarleton, 11 A. & E. (N. S.) 421; Marston v. Allen, 8 M. & W. 494; Lloyd v. Howard, 15 A. & E. (N. S.) 995; Harrop v. Fisher, 100 E. C. L. 196; Spicer v. Smith, 23 Mich. 96; St. Johns Table Co. v. Brown, 126 Mich. 592, 85 N. W. 1124; Canal Bank v. Bank of Albany, 1 Hill, 287; Newton v. Principaal, 82 Mich. 271, 46 N. W. 234; McCormick v. Trotter, 10 S. & R. 94; Wallace v. Reed, 70 Ind..263; Anniston Pipe Works v. Mary Pratt Furnace Co., 94 Ala. 606, 10 South 259; Jefferson Co. Sav. Bank v. Interstate Sav. Bank, 5 Ala. App. 363, 59 So. 348; Hugumin & Co. v. Hinds & Weissgerber, 97 Mo. App. 346, 71 S. W. 479; Wade v. Boone, 184 Mo. App. 88, 168 S. W. 360; Bank v. Hohn, (Mo. App.) 125 S. W. 539; Claffy v. Farrow, 18 N. Y. Supp. 160; Church's Ex'r. v. Church's Est., 80 Vt. 228, 67 Atl. 549; Boles v. Harding, 201 Mass. 103, 87 N. E. 481; Whiddon v. Sprague, 203 Mass. 526, 89 N. E. 917; Smith v. Bryan, 33 N. C. (11 Ired. L.) 418; Blum, Stern & Co. v. Sallis, 24 La. Ann. 118; Andrews v. Powers, 35 Wis. 644; Swanby v. Nor. State Bank, 150 Wis. 572, 137 N. W. 763; Clason v. Parrish, 93 Va. 24, 24 S. E. 471; Baker v. Warner, 16 S. Dak. 292, 92 N. W. 393; Vickery v. Burton, supra.)

In Story on Bills, in the section cited, it is said that there is no implied admission on the part of the acceptor of the genuineness of the signature of the payee, or of any other indorser, and consequently, the holder, in order to recover of the acceptor, must establish by proof, the genuineness of such signatures, to show title to the bill, although he need not prove the signature of the drawer. In Byles on Bills, supra, it is also said that the indorsement must be proved, if the action be against a maker or acceptor by an indorsee. The doctrine is stated in Greenleaf on Evidence (Vol. 2, Sec. 163) as follows:

"Where the action is between the immediate parties to the contract, as payee and maker of a note, or payee and acceptor of a bill, the plaintiff, ordinarily, has only to pro-

duce the instrument and prove the signature. But where the plaintiff was not an original party to the contract, but has derived his title by 'means of some intermediate transfer, the steps of this transfer become, to some extent, material to be proved." And in Section 166: "The plaintiff is not bound to allege, nor of course to prove any indorsements but such as are necessary to convey the title to himself. All others may, therefore, be stricken out." And in Phillips on Evidence, above cited, it is said: "The indorsement is to be proved in the ordinary mode, like other handwriting. * * * * * It must appear, that the indorsement was made by the person by whom it purports to have been made."

In Smith v. Chester, supra, it was held that in an action by an indorsee of a bill of exchange against the acceptor, it is necessary to prove the handwriting of the first indorser, notwithstanding that such indorsement was on the bill when it was accepted. Answering the contention that as the indorsement was on the bill at the time of the acceptance it must be taken to have been admitted by the drawee, and that he could not afterward dispute it, Ashhurst, J., said: "The law has been otherwise settled. And if it were not so, there would be no difference in this respect between bills payable to order, and those payable to bearer. And it would open a door to great fraud." And Buller, J., said: "This point was much considered in a late case before this court, when they were perfectly clear that an indorsee of a bill of exchange, in an action against the acceptor, was obliged to prove the handwriting of the first indorser. For when a bill is presented for acceptance, the acceptor only looks to the handwriting of the drawer, which he is afterwards precluded from disputing; and it is on that account that an acceptor is liable, even though the bill be forged."

In the Michigan case of Spicer v. Smith, in which the opinion was delivered by Graves, Justice, and concurred in by the other eminent justices of the court, Justices Cooley, Campbell and Christiancy, it was held in a suit brought by an indorsee against the maker of a promissory note payable

to order and having indorsed upon it the name of the payee by one as agent, that it was incumbent on the plaintiff, aside from the execution of the note, to prove that the indorsement was made by the one signing as agent and that he had authority to make it. In the Wisconsin case of Swanby v. Nor. State Bank, supra, Chief Justice Winslow, delivering the opinion of the court, said that mere naked possession of negotiable paper payable to order does not prove title.

The rule as to proving an indorsement as well as the execution of a negotiable instrument has been modified or changed by statute in Minnesota, as above shown, and perhaps in other states by a statute to the same effect; and it has been modified in several states by statutory provision making proof of execution or indorsement unnecessary unless the same is denied under oath. Under our Code of Civil Procedure every pleading of fact must be verified by the affidavit of the party, his agent or attorney, except in certain cases not here material. (Comp. Stat. 1910, Secs. 4422-4430.) The answer in this case was verified as required by statute. Under the former code displaced by the one now in force such verification was not required, but it was provided that in all actions, allegations of the execution of written instruments and indorsements thereon shall be taken as true, unless the denial of the same be verified by the affidavit of the party, his agent or attorney. (Comp. Laws, 1876, Ch. 13, Sec. 103, p. 46.) That provision was omitted from the present code, which requires verification in all cases with the immaterial exceptions aforesaid, and obviously because of such requirement. Under the former code the question might arise as to the effect of an unverified pleading denying the execution or indorsement of a negotiable instrument, and though otherwise good as a pleading, such unverified denial would be, and was in practice, disregarded. And it will be found that many of the cases holding proof of execution or indorsement to be unnecessary are based upon a statutory provision to that effect, where the pleading containing a denial of such matter is

not properly verified.  See, Whiddon v. Sprague, 203 Mass. 526, 89 N. E. 917; First Nat. Bank v. Smith, (Tex.) 183 S. W. 862; O'Rear v. Am. Tr. & Sav. Bank, (Ala.) 71 So. 105.

Thus far, with respect to the contention that plaintiff's possession and production of the certificate in court was alone sufficient to entitle it to recover, we have considered the meaning and effect of the principle aforesaid that possession of a negotiable instrument indorsed in blank is prima facie evidence of title.  But the contention is also based upon Section 3217, Compiled Statutes of 1910, a section of the Negotiable Instruments Law, the uniform law on that subject adopted in this state.  The part of the section relied on reads as follows:

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course."

It is argued with reference to that section of the statutes that the plaintiff being the holder of the certificate is to be deemed a holder in due course until it is shown by proper evidence that the title of the person who negotiated the instrument was defective; and that the attack upon the indorsement to the plaintiff bank in the answer is not itself sufficient to overcome the presumption.  The fault with this argument is that it fails to distinguish between mere possession and the legal term "holder," and misconceives the purpose and intent of the provision referred to, which is to state the presumption in favor of one who is in fact the holder that he is a holder in due course, but that the burden of proving that he acquired such title in due course will be upon him when the title of any person who has negotiated the instrument was defective.  The section does not declare that one in possession is to be deemed a holder in due course, though it is true that he may come within

the terms of the section if in fact the holder. The term "holder," as used in the section and throughout the act, unless otherwise shown by the context, is defined by that act as meaning, "the payee or indorsee of a bill or note, who is in possession, or the bearer thereof." The same law defines "bearer" as meaning, "the person in possession of a bill or note which is payable to bearer." (Comp. Stat. 1910, Sec. 3349.)   Hence one in possession may be the holder, and he is the holder of an instrument payable to bearer, either on its face or by the indorsement in blank of the person to whose order it has been made payable. The instrument is then transferable by mere delivery so as to pass the legal title. But if not payable to bearer, then the "holder" can only be the payee or indorsee who is in possession. (Swanby v. Nor. State Bank, supra.) The concluding words, "or the bearer thereof," in the above definition of "holder" evidently refer to one who is in possession of an instrument payable to bearer, that is, the "bearer," as defined by law. Unless an instrument payable to the order of a person named is indorsed by the payee in blank it does not become payable to bearer, and, therefore, mere possession by one other than the payee will not constitute him the holder, as that term is defined by the statute and usually understood.

Whether or not the plaintiff, if it became the holder, was a holder in due course is not the question in this case, for if the plaintiff is the holder, then it would be deemed a holder in due course, since no evidence was introduced to rebut that fact or to throw the burden of proving it upon the plaintiff. But the question is whether it has been shown that the plaintiff was the holder, or, to be exact, whether the fact of possession, and that the plaintiff paid money for the instrument to someone not named in the evidence, is sufficient to show its title and right to recover. And we find nothing in the negotiable instruments law making the mere fact of possession evidence of title to negotiable paper payable to order, or evidence that it was indorsed by

the payee in blank or otherwise, or dispensing with proof of such indorsement, if denied, and the indorsement be relied on to show title or is necessary for that purpose. On the contrary, that law provides (Comp. Stat. 1910, Sec. 3188) that an instrument is negotiated when it is transferred from one person to another in such manner as to constitute the transferee the holder thereof, and that if payable to order it is negotiated by the indorsement of the holder completed by delivery; and the "holder" for the purpose of such indorsement and delivery, as manifestly intended by this provision, having reference to the definition of "holder" by the same statute, is the payee or indorsee in possession of the instrument. This clearly means an actual indorsement by the one to whose order the instrument has been made payable, or by his authority, a fact to be established by proof when it is put in issue, in the absence of a statutory provision making such proof unnecessary.

However, it is well settled that a negotiable instrument payable to order may be transferred by the payee or holder without indorsement, though, in such case, the transferee takes only the title and right of the one so transferring it, and does not become the holder in due course but has only the equitable instead of the legal title. (1 Daniel on Neg. Instr., Sec. 741; First Nat. Bank v. Moon, 137 Fed. 505, 70 C. C. A. 89; Moore v. Miller, 6 Oreg. 254, 25 Am. Rep. 518.) And this principle is recognized by the negotiable instruments law. (Comp. Stat. 1910, Sec. 3207.) Therefore, if the plaintiff had shown a transfer of the certificate to it by the payee, although without indorsement, it would have been entitled to recover, in the absence of evidence showing a good defense as against the payee or that would otherwise interfere with such recovery. But mere possession is insufficient to show such a transfer. (1 Daniel on Neg. Instr., Sec. 741; 2 Randolph on Commercial Paper, Sec. 791; Caldwell v. Meshew, 44 Ark. 564; Sch. Dist. v. Reeve, 56 Ark. 68, 19 S. W. 106; Porter v. Cushman, 19 Ill. 572; Redmond v. Stansbury, 24 Mich. 445; Bausman

v. Kelly, 38 Minn. 197, 36 N. W. 333, 8 Am. St. Rep. 661; Beard v. First Nat. Bank, 39 Minn. 546, 40 N. W. 842; Red River &c. Inv. Co. v. Cole, 62 Minn. 457, 64 N. W. 1149; Vastine v. Wilding, 45 Mo. 89, 100 Am. Dec. 347; Jolly v. Huebler, 132 Mo. App. 675, 112 S. W. 1013; Turner v. Mitchell, (Ky.) 61 S. W. 468; Frankenstein v. Levini, 65 N. Y. Supp. 562; Shepard v. Hanson, 9 N. Dak. 249, 83 N. W. 20; Baker v. Warner, 16 S. Dak. 292, 92 N. W. 393; Swanby v. Nor. State Bank, 150 Wis. 572, 137 N. W. 763; Witt v. Campbell-Lakin Segar Co., 66 Oreg. 144, 134 Pac. 316; Crisman v. Swisher, 28 N. J. Law, 149.)   In the section of Daniel on Negotiable Instruments, above cited, it is said: "Where a bill or note payable to order is transferred without indorsement, the transferee does not acquire the legal, but only the equitable title. The holder under such a transfer must aver and prove the assignment, for the mere possession of the instrument unindorsed is not evidence of ownership, and its exhibition in a suit not sufficient ground of recovery."

We are aware that there is a direct conflict in the decisions on the question of the sufficiency of mere possession to show equitable ownership, so as to authorize a recovery against the maker by one other than the payee or special indorsee. The view is maintained in a few jurisdictions that possession is alone sufficient for that purpose, unless the presumption of ownership therefrom is rebutted by proof. It is so held in North Carolina, while conceding that the mere introduction of a note in evidence does not prove the payee's indorsement. (Tyson v. Joyner, 139 N. C. 69, 51 S. E. 803; Johnson Co. Sav. Bank v. Scoggin, 152 N. C. 142, 67 S. E. 253; 50 L. R. A. 581, 136 Am. St. Rep. 821.)

But the clear weight of authority and the better reasoning, in our opinion, sustains the rule that mere possession of such an instrument unindorsed is not sufficient or prima facie evidence of even the equitable title. See Note in 50 L. R. A. (N. S.) 581-591. We agree with the remark of the court in Swanby v. Nor. State Bank, supra, that such pos-

session "does not prove or tend to prove" the transfer of a note payable to order and not shown to have been indorsed by the payee. The fact necessary to the equitable title, in such case, is a transfer by the payee or the person to whose order the instrument has been made payable. Such proof is generally at least within the power of the person seeking to recover upon the instrument, if it has been so transferred, while the other party might be wholly without knowledge or information concerning the matter. The presumption of delivery from possession is proper and reasonable where the instrument is payable to bearer, but we see no good reason for giving effect to such presumption where the instrument is payable to order and not indorsed so as to overcome the usual and primary presumption, in such case, that the instrument remains the property of the person to whose order it is made payable.

Holding, therefore, that the proof was insufficient to entitle the plaintiff to recover, the judgment will be affirmed.

*Affirmed.*

BEARD, J., concurs.

SCOTT, J., did not sit.